## 47612. GREEN v. THE STATE.

STOLZ, Judge. This appeal from the judgment of conviction of possession of narcotics, raises the issue of whether the

trial judge erred in refusing to suppress as evidence the cocaine which the accused was charged with possessing.

The testimony at the suppression hearing was to the following effect. At about 3 a.m. on September 4, 1971, two City of Atlanta police patrolmen observed an automobile illegally parked (blocking one lane of traffic) at a location in the city at which there had been numerous burglaries and reports of drug traffic recently. In response to questioning by the policemen as to why they were there, the two occupants of the car said that they didn't know where the owner of the car was, and they moved the car when requested to do so. The policemen drove around in that general vicinity and, when they returned in 5-10 minutes with their car lights off, they observed the other car, about 100 feet from its original location, again illegally parked (within 10 feet of an intersection). The policemen observed the accused standing on the sidewalk about 75 feet from the other car and as they approached, he began to run toward the other car, carrying a "small bag" in his hands. As he neared the other car, the policemen turned on their bright headlights and, from only 10-15 feet away, they saw him drop the "bag" alongside the right rear portion of his car before he crouched over, preparatory to attempting to get into the car. The policemen yelled to him to stop before he got into the car, had both of the occupants of the car get out and place their hands on the car, and asked the accused what he had dropped. When he denied having dropped anything, the policemen picked up the item dropped (a cigarette box containing glassine packets of a white, powdery substance subsequently identified as cocaine). At this time the accused was placed under arrest and was subsequently charged with possession of narcotics. *Held:*

There is nothing unlawful in the government's appropriation of abandoned property, which does not constitute a search or seizure in the legal sense. Abel v. United States, 362 U. S. 217, 241 (80 SC 683, 4 LE2d 668), citing Hester v. United States, 265 U. S. 57, 58 (44 SC 445,

68 LE 898); *Whitlock v. State,* 124 Ga. App. 599, 602
(185 SE2d 90); Trujillo v. United States, 294 F2d 583
(10th Cir., 1961); United States v. Von Roeder, 435 F2d
1004 (1) (10th Cir., 1971); Molina v. State, 53 Wis. 662
(193 NW2d 874) (1972). "A police officer is free to use
and seize what he sees in plain sight if he is at a place
where he is entitled to be. Ker v. California, 374 U. S.
23 (83 SC 1623, 10 LE2d 726); Harris v. United States,
390 U. S. 234 (88 SC 992, 19 LE2d 1067)." *Lewis v.
State,* 126 Ga. App. 123, 126 (190 SE2d 123); *Warden v.
Hayden,* 387 U. S. 294 (87 SC 1642, 18 LE2d 782).

The appellant contends that the acts of the policemen,
based solely on suspicion, coerced him into discarding the
contraband. "The flight of one seeing a police officer who
he has reason to think may be about to accuse him of a
specific offense, even though the officer has no authority
to make an arrest, and even though the suspect does not
know whether or not he intends to attempt to arrest him,
may be shown as indication of a sense of guilt. *Grant v.
State,* 122 Ga. 740 (2) (50 SE 946)." *Richardson v. State,*
113 Ga. App. 163 (2) (147 SE2d 653). "Flight *in connec-
tion with other circumstances . . .* [is] sufficient to consti-
tute probable cause for arrest without a warrant."
(Emphasis supplied.) Id. (3a). The circumstances here—
the accused's fleeing from the police, carrying a small
package in his hands, which he discarded before attempt-
ing to get into a twice-illegally-parked automobile at
about 3 a.m. at a location at which there had been nu-
merous burglaries and reports of drug traffic—certainly
justified the policemen in stopping the accused for at
least the purpose of limited questioning, which they did.
See *Anderson v. State,* 123 Ga. App. 57, 60 (179 SE2d
286) and cit.; Adams v. Williams, 407 U. S. 143 (92 SC
1921, 32 LE2d 612). All the events took place on a public
street and sidewalk. The use of the car lights by the po-
lice to aid their observation was not objectionable. See
Walker v. Beto, 437 F2d 1018 (5th Cir., 1971). Since the
abandoned evidence was obtained prior to any arrest and

not seized pursuant to any unlawful arrest or invasion of privacy, the cases of Wong Sun v. United States, 371 U. S. 471 (83 SC 407, 9 LE2d 441) and Fletcher v. Wainwright, 399 F2d 62 (5th Cir., 1968) are inapplicable. In short, the accused pointed the finger of suspicion at himself by his flight from the police and now seeks to maintain the untenable position that he was forced to abandon, in an attempt to conceal, the incriminating evidence by the acts of the policemen in fulfilling their duty by investigating the suspicious circumstances created by the accused's own conduct.

The trial court did not err in refusing to suppress the evidence or in entering the judgment on the verdict, which was supported by the evidence.

*Judgment affirmed. Bell, C. J., and Evans, J., concur.*
SUBMITTED NOVEMBER 6, 1972—DECIDED DECEMBER 5, 1972.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, Isaac Jenrette, Joel M. Feldman,* for appellee.