54324. THE STATE v. GODFREY.

DEEN, Presiding Judge.

The state appeals the trial court's order granting appellee's motion to suppress evidence of a pistol found in a sock under the front seat of his automobile after he was arrested for driving under the influence of alcohol.

The trial court found that no credible evidence was introduced by the state which showed that the arresting officer had any knowledge that appellee was committing any crime at the time the officer stopped him, that an objective person in broad daylight would not have thought that anyone was concealed in the back seat of defendant's automobile, that defendant's conduct could not be reasonably interpreted as flight from an officer, and that an intoximeter test conducted at the police station after arrest registered only .02%. The court further found that the warrantless search of defendant's automobile was not an inventory search because the officer admitted he went through a checkbook which was on the dash of the car and a tool box and sleeping bag in the trunk as well as completely searching the interior, glove compartment, and beneath the seats.

Although the arresting officer was the only witness to testify at the hearing, "[t]he credibility of the witness is for the trial judge's determination. *Simmons v. State,* 111 Ga. App. 553, 554 (142 SE2d 308); *Goggans v. State,* 14 Ga. App. 822 (82 SE 357). His judgment will not be disturbed by a reviewing court if there is any evidence to support it. *West v. West,* 228 Ga. 397, 398 (185 SE2d 763)." *State v. Swift,* 232 Ga. 535 (207 SE2d 459). There is ample evidence to support the court's finding that the arrest of the appellee and the search of his automobile were without probable cause and were therefore unlawful.

The state also excepts to the trial court's order

entered on April 19, 1977, after the judge orally stated his decision at the hearing on March 29, 1977, and entered a written order on April 5, 1977. "During the term when a judgment or decree is rendered, the judge, in the exercise of a sound discretion to correct errors and promote justice, has plenary power to amend, modify, revise, supplement, or even supersede, revoke, or vacate his previous judgment or decree." *Bank of Tupelo v. Collier,* 192 Ga. 409, 411 (15 SE2d 499). The order of April 19, 1977, containing findings of fact and conclusions of law, is not so inconsistent with the court's previous oral and written orders that it violates sound judicial discretion.

*Judgment affirmed. Webb and Birdsong, JJ., concur.*

ARGUED SEPTEMBER 6, 1977 — DECIDED SEPTEMBER 30, 1977 — REHEARING DENIED OCTOBER 14, 1977 —

*Hinson McAuliffe, Solicitor, Richard E. Stark, Assistant Solicitor,* for appellant.
*J. Richard Edwards,* for appellee.