### 54896. THE STATE v. BRASSELL.

SHULMAN, Judge.

A police officer found marijuana in appellee's personal belongings which were in another person's apartment. The search was conducted under a search warrant. The trial court granted appellee's motion to suppress. We affirm.

In *Hayes v. State,* 141 Ga. App. 706 (234 SE2d 360), this court held that where the police had notice that they were searching the personal effects of a visitor to the premises to be searched, the search was illegal absent independent justification for a personal search. Here, there is no contention that there was independent justification for a search of appellee's belongings. The sole issue is whether the police were on notice that appellee was a visitor in the apartment and that the backpack and trunk in which the contraband was found were his.

The evidence at the suppression hearing was the testimony of the officer who found the marijuana and the transcript of appellee's committal hearing. The only pertinent evidence from the transcript, which was stipulated into evidence, was the testimony of the same officer who testified at the suppression hearing. That officer's testimony lacked internal consistency on the question of notice of appellee's ownership of the backpack and trunk and appellee's nonresidency.

"Although the arresting officer was the only witness to testify at the hearing, '[t]he credibility of the witness is for the trial judge's determination. *Simmons v. State,* 111 Ga. App. 553, 554 (142 SE2d 308); *Goggans v. State,* 14 Ga. App. 822 (82 SE 357). His judgment will not be disturbed by a reviewing court if there is any evidence to support it. *West v. West,* 228 Ga. 397, 398 (185 SE2d 763).'

*State v. Swift,* 232 Ga. 535 (207 SE2d 459)." *State v. Godfrey,* 143 Ga. App. 532.

There was some evidence here that the officer was on notice of appellee's ownership of the backpack and trunk and of appellee's nonresidence.

*Judgment affirmed. Bell, C. J., and Banke, J., concur.*

SUBMITTED NOVEMBER 9, 1977 — DECIDED DECEMBER 5, 1977.

*D. Lamar Cole, District Attorney, Richard W. Shelton, Assistant District Attorney,* for appellant.

*Saliba & Newsom, George M. Saliba,* for appellee.