## 77909. YOUNG v. THE STATE.
(380 SE2d 309)

POPE, Judge.

Defendant Antonio Young was convicted of possession of less than one ounce of marijuana. His three enumerations of error on appeal all challenge the denial of his motion to suppress the evidence of contraband obtained pursuant to the search of his automobile. The record of the hearing on defendant's motion to suppress shows the trial court's order was based, inter alia, on the defendant's abandon-

ment of the vehicle prior to the time it was seized and subsequently searched by officers of the Atlanta narcotics squad.

" 'Abandonment is primarily a question of intent, and intent may be inferred from words spoken, acts done, and other objective facts. All relevant circumstances existing at the time of the alleged abandonment should be considered. Police pursuit or the existence of a police investigation does not of itself render abandonment involuntary. The issue is not abandonment in the strict property-right sense, but whether the person prejudiced by the search had voluntarily discarded, left behind, or otherwise relinquished his interest in the property in question so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search.' (Citations omitted.) *United States v. Colbert*, 474 F2d 174, 176 (5th Cir. 1973). 'The issue of abandonment is one of fact to be resolved by the trier of fact, and the finding of fact will not be disturbed on appeal if there is any evidence to support it.' *Williams v. State*, 171 Ga. App. 546, 548 (320 SE2d 389) (1984).

"The facts in this case show that appellant abandoned the [automobile] before the search took place. In response to police questions, appellant disclaimed any interest in the [automobile] and walked away from it. The police did not compel this action. Under these circumstances, appellant could entertain no legitimate expectation of privacy in the [automobile] at the time of the search. See, e.g., *Williams v. State*, supra at (2); *Green v. State*, 127 Ga. App. 713 (194 SE2d 678) (1972); *United States v. Colbert*, supra. Compare *United States v. Beck*, 602 F2d 726 (5th Cir. 1979). Since the record supports the trial court's finding of abandonment, we find no error in the denial of appellant's motion to suppress." *Bassett v. State*, 181 Ga. App. 597, 599 (353 SE2d 48) (1987), rev'd on other grounds sub nom. *Bassett v. Lemacks*, 258 Ga. 367 (1988). See also *Ramsey v. State*, 183 Ga. App. 48 (1) (357 SE2d 869) (1987).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED MARCH 6, 1989 —
REHEARING DENIED MARCH 14, 1989 — 

*Herbert Shafer*, for appellant.
*James L. Webb*, Solicitor, *Norman Miller*, Assistant Solicitor, for appellee.