## A93A0390. THE STATE v. BROWNING.
### (433 SE2d 119)

SMITH, Judge.

Pursuant to OCGA § 5-7-1 (4), the State appeals from the order of the trial court granting Browning's motion to suppress marijuana found in her purse during a warrantless search. The sole ground of justification argued below by the State was that the purse had been abandoned.

1. The uncontradicted evidence showed that police went to an apartment at 1:45 a.m., responding to a complaint of noise and loud music. When a young man opened the door, the police could see a total of four other persons inside, only one of whom was female. One of the males was smoking a pipe. The officers were assured that the music would be turned down, and the door at which the officers stood then was closed. As that door closed, they believed there was an odor of marijuana coming from the apartment, so the police knocked on the door again. Three people left the living room, and the police heard a back door close. The two persons remaining in the living room were arrested for possession of marijuana and handcuffed. A third person was discovered in a bedroom and placed under arrest. Various drug paraphernalia was in plain sight in the living room. Also in plain sight was a woman's purse, "open" on the floor.

The arrestees, all male, disclaimed ownership in the purse and denied knowing whose it was. One of the officers examined its contents "to determine who the purse belonged to to make sure that nothing else — no other illegal activity had taken place." The first item examined was a "small white pouch with a snap top. . . ." Inside this closed container was a pipe and a small amount of what appeared to be marijuana. The officer set this aside and continued looking. A driver's license with Browning's name and photograph was found and the purse was then seized. During this process, the officer admittedly knew he was searching the personal effects of a visitor. Some moments later, another officer approached three persons at a pay telephone near the apartment complex. The three, Browning included, broke into a run but were apprehended. Browning was shown the purse seized from the apartment, and she identified it as hers, at which point she was arrested for possession.

"There is nothing unlawful in the government's appropriation of abandoned property, which does not constitute a search or seizure in the legal sense. [Cits.]" *Green v. State*, 127 Ga. App. 713, 714-715 (194 SE2d 678) (1972). The question of abandonment for Fourth Amendment purposes turns on whether under the totality of the circumstances, the investigating officer reasonably believed at the time of the search that the accused had relinquished his interest in the property to such an extent that he no longer had a reasonable expec-

tation of privacy in it. See *Bloodworth v. State*, 233 Ga. 589, 590 (2) (212 SE2d 774) (1975); *Young v. State*, 190 Ga. App. 775, 776 (380 SE2d 309) (1989). "The issue of abandonment vel non . . . is a factual issue to be resolved by the trior of fact — the judge hearing the motion. [This] finding on a motion to suppress must not be disturbed by this court if there is any evidence to support it. [Cit.]" *Vines v. State*, 142 Ga. App. 616, 617 (237 SE2d 17) (1977).

We therefore are required to view the evidence in the light most favorable to the trial court's determination. From that perspective, the evidence shows only that Browning had been a guest in the apartment, that she placed her purse on the floor there, and that she was not present at the time the police arrested the tenants. She was taken into custody near the apartment and did not disclaim her interest in the bag upon questioning. Where the police have notice, as admitted here, that they are searching the personal effects of a visitor, such a search is illegal absent independent justification for a personal search. *State v. Brassell*, 144 Ga. App. 279 (241 SE2d 57) (1977). " 'A person does not lose the protection of the Fourth Amendment by entering the apartment of another. (Cits.)' " *Hayes v. State*, 141 Ga. App. 706, 708 (234 SE2d 360) (1977) (physical precedent). " '[T]he visitor has [a substantial interest] in the privacy of all his possessions, wherever located.' " *Childers v. State*, 158 Ga. App. 613, 614 (281 SE2d 349) (1981). Personal belongings brought by their owner on a visit to a friend's house retain their constitutional protection until their owner meaningfully abdicates control or responsibility.

The evidence here authorized the trial court's determination that Browning had not abandoned her purse. Since the State failed to establish the lawfulness of the warrantless search and seizure of the purse, the trial court correctly granted the motion to suppress the marijuana found therein. Compare *Blount v. State*, 181 Ga. App. 330, 334-336 (4) (352 SE2d 220) (1986) (no indication that woman's pocketbook, searched by police during premises search pursuant to a warrant, belonged to a visitor).

2. Although the state argued below only abandonment as justification for the warrantless search of Browning's purse, it now argues that a warrantless search nevertheless was authorized by exigent circumstances. This enumeration will not be addressed. Grounds for reversal which may be considered on appeal are limited to those which were argued before the trial court. *Stephens v. State*, 164 Ga. App. 398, 399 (3) (297 SE2d 90) (1982).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JUNE 24, 1993.

*Kenneth W. Mauldin, Solicitor, Anne M. Templeton, Assistant*

*Solicitor*, for appellant.
*Ralph J. Hunstein*, for appellee.