A93A0697. DURDEN v. THE STATE.
(433 SE2d 128)

BLACKBURN, Judge.

Appellant, Johnny Ray Durden, appeals his conviction of burglary. The evidence reveals that on September 12, 1991, Jennifer Walker invited several of her friends to her residence after she got off work, at a local nightclub, around 2:30 a.m. Durden lived in the trailer across from Walker's trailer, and had met Walker on previous occasions when he had used Walker's phone. Around 3:00 a.m., Durden joined the people in Walker's trailer. Thereafter, Walker requested that everyone leave because she needed to go visit her boyfriend who was working night watch at a local Coast Guard station.

Upon waking, later that morning, Walker noticed that her jewelry, including an amethyst ring, and some money were missing. Patrolman Mike Owens of the Glynn County Police Department observed pry markings inside the door jam of the rear door. Walker told Owens that she suspected Durden of the burglary. That evening, Dur-

den and Rick Rivera came to the night club where Walker was working. Walker told Durden that if he would return her amethyst ring and a bracelet, she would forget about the burglary. At that time, Durden denied committing the burglary.

Thereafter, Durden approached Denise Lloyd, a shift manager at a local convenience store, about selling her some jewelry. Durden assured Lloyd that the jewelry was not stolen. Lloyd purchased an amethyst ring for $50 from Durden, at his trailer. Lloyd testified that Durden later approached her to get the ring back. Durden told Lloyd that he needed the ring back or "they were going to lock him up because it was stolen." Durden promised to return her money and Lloyd gave the ring back.

On September 25, 1991, Investigator Ken Conley of the Metro Drug Unit Task Force contacted Detective Carl Futch of the Glynn County Police Department regarding information he received concerning stolen property in the Canal Road Mobile Home Park. They proceeded to Lot 10 in the Canal Road Mobile Home Park where they received consent to search the trailer from Rick Rivera, a tenant and legal occupant. The officers found some of Walker's possessions in the back bedroom and inside the furnace in the den. Later that evening, Walker identified the recovered items as the property taken from her residence.

Walker testified that around 10:00 p.m., on September 25, 1991, after she had identified her property, she received a phone call from Durden. She testified that she recognized Durden's voice and that he identified himself. Durden apologized and when she asked about the amethyst ring, he stated that he would try to get it back from the person that bought it. Thereafter, Durden came to Walker's trailer and returned her amethyst ring.

1. On appeal, Durden first asserts that the trial court erred in denying his motion to suppress the evidence found by the police officers in his trailer. Durden argues that at the motion to suppress hearing, the State failed to produce any admissible evidence regarding the consent to search obtained from Rick Rivera. The State produced Investigators Conley and Futch who testified regarding Rivera's consent to search. Durden testified that the lease was in Rivera's name, and that Durden had only been living there a short time. Durden maintains that the police officers' testimony was hearsay and should not have been considered by the trial court. However, this argument was decided adversely to Durden in *United States v. Matlock*, 415 U. S. 164, 172-176 (94 SC 988, 39 LE2d 242) (1974). Therefore, it was not error for the trial court to receive Rivera's hearsay evidence during the suppression hearing. See id.

2. In his second enumeration of error, Durden contends that the trial court erred in allowing the State to present evidence of similar

transactions. Durden argues that the trial court did not make a specific determination for what purpose it admitted the similar acts. The trial court charged the jury that any evidence of other alleged offenses was admitted "for the purpose of your consideration solely and only under the provision of law that where knowledge, common design, modus operandi, motive, intent, good or bad faith, bent of mind, plan, scheme, course of conduct, identity, or other matters dependent upon a person's state of mind, are involved as material elements in the offense for which he is on trial. . . . If you believe that the accused has had similar transactions, then bear in mind that in connection with any such evidence you are considering it solely with reference to the mental state, identity or intent of the defendant in so far as the same is applicable to, or refers to, or illustrates the charges in this bill of indictment for which the defendant is on trial." Therefore, the trial court did limit the purpose for which the jury was to consider the evidence of similar transactions to the reasons put forth by the State during the hearing on the State's motion to use evidence of similar transactions. See *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991).

3. Durden next asserts that the trial court erred in allowing the jury to hear evidence of an alleged telephone conversation in which Walker identified Durden's voice. Durden argues that under *Shepherd v. State*, 173 Ga. App. 499 (326 SE2d 596) (1985), a telephone conversation is admissible only if the proper foundation showing the basis for any voice identification is laid. We agree. However, in the present case, Walker did provide the basis for her identification of Durden's voice. Both Durden and Walker testified that they had spoken on, at least, four other occasions. Walker stated that Durden identified himself and that she recognized his voice. Walker did provide the jury with the basis for her identification of Durden's voice and, therefore, the trial court did not commit error in allowing such testimony.

4. In his final enumeration of error, Durden argues that insufficient evidence exists by which a rational trier of fact could have found Durden guilty beyond a reasonable doubt. We do not agree. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found Durden guilty of burglary beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JUNE 24, 1993.

*James A. Yancey, Jr.*, for appellant.
*W. Glenn Thomas, Jr., District Attorney, Stephen G. Scarlett,*

*Assistant District Attorney,* for appellee.