### S95A1462. JOHNSON v. THE STATE.
(464 SE2d 806)

SEARS, Justice.

Ralph Bell Johnson appeals from his conviction for malice murder and possession of a firearm during the commission of a crime. We affirm.

The evidence at trial showed that Johnson shot and fatally injured the victim at the latter's home. Before dying, the victim identified someone named "Ralph" as his assailant. Police contacted the victim's ex-wife, with whom Johnson had been involved, and she identified Johnson as "Ralph." Upon learning that Johnson had fled to Birmingham, Alabama, with his wife, the Birmingham police arrested him at the apartment of his stepdaughter. Immediately following the arrest, Birmingham police searched the apartment. The search uncovered a pistol, later determined to be the murder weapon, in Johnson's shaving kit, which was located in his suitcase. The Birmingham police did not have a search warrant for the apartment, but did obtain signed forms from both Johnson's stepdaughter and his wife, in which they stated they had consented to the search.

1. Having reviewed the evidence in a light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Johnson was guilty of the crimes of which he was convicted.[1]

2. Johnson claims the trial court erred in denying his motion to suppress the pistol as evidence, because it was obtained as the result of an unconstitutional warrantless search. We disagree.

The Fourth Amendment permits warrantless searches if, prior to the search, the searching officer obtains the voluntary consent of one lawfully in possession of the premises or the item to be searched.[2] Valid consent may also be given by a third party with "common authority" over the object of the search.[3] A consent to search must be the product of a free and unrestrained choice by its maker.[4] The trial court's determinations on questions of fact and credibility at a suppression hearing must be accepted unless they are clearly erroneous.[5]

In this case, as evidenced by the testimony at the suppression

[1] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Dean v. State,* 250 Ga. 77 (295 SE2d 306) (1982).
[3] *Davis v. State,* 262 Ga. 578 (422 SE2d 546) (1992).
[4] *Schneckloth v. Bustamonte,* 412 U. S. 218 (93 SC 2041, 36 LE2d 854) (1973).
[5] *Woodruff v. State,* 233 Ga. 840 (213 SE2d 689) (1975).

hearing and the signed consent form, Johnson's stepdaughter gave Birmingham police permission to enter and search her apartment prior to the search. Furthermore, also evidenced by both testimony and a signed consent form, Johnson's wife, who exercised common authority over the suitcase, not only consented to the search of the suitcase, but also led the police to the suitcase, and observed the search as it was conducted. Under the totality of the circumstances surrounding this search, we find that the search was voluntarily consented to, and that there is no evidence of coercive acts by the police or involuntary acts by Johnson's wife and stepdaughter. Accordingly, the trial court did not err in denying the motion to suppress.[6]

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 1996.

*Jimmy D. Plunkett, for appellant.*

*Dennis C. Sanders, District Attorney, M. Eric Eberhardt, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Wesley S. Horney, Assistant Attorney General, for appellee.*

---

[6] We note that Johnson's stepdaughter and wife testified at the suppression hearing that they did not understand that they were signing consent forms, but rather thought that the forms stated that they were not harassed by the police. The trial court's assessment of the credibility of this testimony was not clearly erroneous, as the forms consisted of only one sentence which stated that they gave the police permission to conduct the search.