## A96A0474. WRIGHT v. THE STATE.
(472 SE2d 128)

POPE, Presiding Judge.

Defendant Brandon Wright challenges the trial court's denial of his motion to suppress cocaine found in his jacket during the valid search of an apartment he was visiting. As there is evidence to support the trial court's finding that the police had no notice that the jacket belonged to him, we affirm.

When police officers executed the search warrant, six or seven people were sitting around in the living room. Several, including defendant, were sitting on a sofa, and defendant's jacket was draped over an arm of the sofa. Defendant was sitting closest to the jacket when the officers first entered the room, but when he left the sofa prior to the search (when a scuffle ensued between a police officer and one of the others sitting on the sofa), he did not take the jacket with him or do anything else to indicate the jacket was his. Nor did he say anything when an officer picked up his jacket during the search, even though he was still in the living room.

Officers executing a search warrant in a home are not allowed to search the person or personal belongings of visitors who just happen to be present at the time the warrant is executed. See, e.g., *Blount v. State*, 181 Ga. App. 330, 333 (4) (352 SE2d 220) (1986); *Childers v. State*, 158 Ga. App. 613 (281 SE2d 349) (1981); *State v. Brassell*, 144 Ga. App. 279 (241 SE2d 57) (1977). However, " 'without notice of some sort of the ownership of a belonging, the police are entitled to assume that all objects within premises lawfully subject to search under a warrant are part of those premises for the purpose of executing the warrant.' [Cits.]" *Childers*, 158 Ga. App. at 615. Whether the police had notice (i.e., knew or should have known) that an object belonged to a visitor must be determined by the trial court on the facts of each case, id.; and the trial court's determination will be

upheld if there is any evidence to support it, see *Brassell*, 144 Ga. App. at 280.

In this case, the trial court applied the proper standard, and its decision is supported by the evidence. This is not a situation like *Childers*, in which we held the officers should have realized the object belonged to the defendant, a visitor, because the object was a woman's purse and the defendant was the only female in the home. Rather, the jacket could have belonged to anyone in the room. That defendant was sitting closest to the jacket when the officers arrived was certainly a circumstance to be considered by the trial court in determining whether the officers knew or should have known the jacket belonged to him, but it was the only circumstance indicating defendant's possession and was not enough to compel a conclusion that the officers had notice as a matter of law. And in the absence of circumstances giving rise to such notice, the officers had no duty to ask; they could assume it was part of the premises to be searched. Cf. *Blount*, 181 Ga. App. at 334-335 (search of purse sitting ten to twelve feet from two women, one of whom was a resident and the other a visitor, was legal even though it turned out to be the visitor's purse). Accordingly, the trial court did not err in denying defendant's motion to suppress.

Although we have affirmed defendant's conviction, we note that the police officers' testimony indicates they believed they could legally search everyone present in the apartment, even if this included visitors who were not named in the warrant. This misimpression causes us concern, and we hope it causes the district attorney concern as well.

*Judgment affirmed. Andrews and Smith, JJ., concur.*

DECIDED MAY 29, 1996.

*Garland B. Cook, Jr.*, for appellant.
*Stephen F. Lanier, District Attorney, Lisa W. Pettit, Assistant District Attorney*, for appellee.