A04A1180. THE STATE v. GAY.
(604 SE2d 572)

MILLER, Judge.

The State appeals from the trial court's grant of Keith Demetrius Gay's motion to suppress evidence gathered in connection with a warrantless search of his backpack. Gay asserted below that the seizure was unlawful because it was based on a search lacking any legal basis. Having found no error, we affirm.

When reviewing a trial court's order on a motion to suppress and the facts are not in dispute, we apply a de novo standard of review to the trial court's application of law to those facts. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). So considered, the testimony presented at the suppression hearing shows that in response to a domestic violence call, two officers met Ms. Johnson, the alleged

victim, at a certain apartment. When they arrived, Johnson's estranged boyfriend, Mr. Wade, had left the scene. The officers spoke with Johnson and also spoke with Gay (Wade's cousin, who was staying at the apartment). While inside the apartment, one of the officers saw blunt wrappings that had been cut open and what he suspected were marijuana seeds. The officers told Johnson and Gay to dispose of those items.

Several hours later at about 2:55 a.m., having obtained a domestic violence warrant for Wade's arrest, the same two officers returned to the apartment to execute the warrant. Standing in the doorway, Johnson motioned that Wade was inside the apartment and nodded toward a back bedroom. After Johnson allowed them to enter, one officer testified that he noticed a strong odor of marijuana inside the two-bedroom apartment. Turning on some lights, they secured the area and began searching for Wade. Following Johnson's lead, they found Wade hiding in the shower area. After placing Wade in handcuffs and having noticed the strong scent of marijuana, the officers asked Wade and Johnson if they had been smoking marijuana or if there was any more in the apartment. Both Wade and Johnson said that there was no more marijuana. One of the officers testified that he then asked Johnson for permission to search the apartment and that Johnson said that would be "fine."

Before commencing a search, the officers requested assistance from a narcotics detection canine unit who arrived less than 15 minutes later. The door of the bedroom where Gay was sleeping was closed. The drug dog had to "bust[ ] through the door" to gain entry to the bedroom. The dog handler testified that the dog sniffed Gay, asleep on the floor, but did not alert on him. While on cross-examination, the handler conceded that he had not smelled the odor of marijuana smoke in Gay's bedroom, but then he later testified that he had noted the scent of unburnt marijuana. During the search, the drug dog alerted on a book bag located inside a closet of the bedroom where Gay was sleeping. Awakened by the commotion, Gay identified the backpack as his property. The handler admitted that he did not open the bag until after Gay had said that it was his. Inside the backpack, in a blue plastic bag, officers found baggies, a green leafy substance, a scale, rolling paper, and a pipe.

At the suppression hearing, the State offered only the testimony of one of the officers and the dog handler and did not present any testimony from Johnson. Gay argued that his confrontation rights were violated because in Johnson's absence, he could not contest the voluntariness of her purported consent. Gay also contended that even if the officers had obtained Johnson's permission to search the apartment, he nevertheless had a "possessory interest in that one room" where he was sleeping.

Finding that the State failed to offer admissible evidence that Johnson had voluntarily and freely consented to a search of the premises, the trial court granted Gay's motion to suppress. The trial court rejected the "hearsay testimony" by the officer to whom Johnson had purportedly given her consent for the search. The trial court decided that "[t]he State must produce Ms. Johnson to authorize the warrantless search. If the State can produce Ms. Johnson at trial, the prosecution may go forward." As a result of the State's failure to produce Johnson at the hearing, the trial court granted the motion.

In this appeal, the State contends that the trial court erred as a matter of law in requiring that it produce the witness at the motion hearing. The State asserts that it was entitled to rely upon hearsay evidence at that hearing and that the trial court erred in finding otherwise. See *Durden v. State*, 209 Ga. App. 205, 206 (1) (433 SE2d 128) (1993) (during suppression hearing, trial court could consider officers' hearsay testimony that lessee of trailer had given his consent to search his premises for the stolen property).

After Gay filed his motion under OCGA § 17-5-30 (b) in which he claimed to be a person aggrieved by an unlawful search and seizure, the State had to present evidence to prove the lawfulness of the search and seizure. *Watts v. State*, 274 Ga. 373, 375 (2) (552 SE2d 823) (2001) (burden of proof never shifts to defendant); see *Phillips v. State*, 167 Ga. App. 260, 261 (1) (a) (305 SE2d 918) (1983). Thus, the State had the burden of establishing that the search of Gay's backpack was lawful. *State v. Kramer*, 260 Ga. App. 546 (580 SE2d 314) (2003). The State claims that it met this burden by presenting testimony that Johnson agreed to the search.

"Generally, a search based on voluntary consent eliminates the need for a search warrant or probable cause." (Citation and footnote omitted.) *Buckholts v. State*, 247 Ga. App. 697, 699 (2) (545 SE2d 99) (2001). Even so, the State still must prove that the person consenting had the authority to do so and did so freely and voluntarily. See generally *State v. Fulghum*, 261 Ga. App. 594, 595-597 (2) (583 SE2d 278) (2003). "A person does not lose the protection of the Fourth Amendment by entering the apartment of another. The visitor has a substantial interest in the privacy of all [of] his possessions, wherever located." (Citations and punctuation omitted.) *State v. Browning*, 209 Ga. App. 197, 198 (1) (433 SE2d 119) (1993). "Personal belongings brought by their owner on a visit to a friend's house retain their constitutional protection until their owner meaningfully abdicates control or responsibility." Id.

No evidence shows, however, that Gay relinquished or abdicated control and ownership of his backpack. Compare *Gray v. State*, 260 Ga. App. 197, 201 (4) (581 SE2d 279) (2003) (homeowner consented to search *after* defendant had been told that he was no longer welcome

there and *after* defendant had left without taking his bag). Unlike the situation in *Gray*, Gay had not abandoned his property by leaving it in a home where he was unwelcome. Compare id. Gay's book bag or backpack was found inside a closet of the bedroom where Gay was asleep. When awakened by the commotion created by the drug dog, Gay readily acknowledged that the bag belonged to him, saying, "yeah, that's my bag." Compare *Osment v. State*, 256 Ga. App. 591, 593 (569 SE2d 262) (2002) (defendant, who denied ownership of bag found stored under bed in someone else's trailer, had no reasonable expectation of privacy). In these circumstances, Gay retained a reasonable expectation of privacy as to his bag and its contents. See id. Therefore, regardless of whether Johnson gave her consent to a search of the apartment, we cannot agree that the permissible scope of that consent would have encompassed the contents of Gay's closed backpack then located inside a closet of a bedroom where he was asleep at the time that the canine unit entered his room. See *Robinson v. State*, 226 Ga. App. 406, 408 (2) (486 SE2d 667) (1997) ("a suitcase, briefcase, or other closed container" is "traditionally a repository for items of a private nature" in which the owner has a reasonable expectation of privacy). Nor is this a situation where the drugs and drug paraphernalia were in plain view at a location where the officers had a lawful right to be. See *State v. O'Bryant*, 219 Ga. App. 862, 863 (467 SE2d 342) (1996).

The State argues that the officer's testimony about Johnson's consent was admissible because it explained the officer's conduct in conducting the search. "[E]vidence of what someone told an officer is admissible to explain the officer's conduct only in 'rare instances.'" (Citation omitted.) *Render v. State*, 267 Ga. 848, 849 (2) (483 SE2d 570) (1997). "Rarely will the 'conduct' of an investigating officer need to be 'explained,' as in practically every case, the motive, intent or state of mind of such an officer will not be 'matters concerning which the truth must be found.'" (Citations and punctuation omitted.) *Jones v. State*, 272 Ga. 154, 156 (4) (527 SE2d 543) (2000). Here, the salient issue is not the conduct of the officer but whether Johnson possessed the authority to provide consent for a valid search of the contents of Gay's backpack. We find that she did not. See *Browning*, supra, 209 Ga. App. at 198 (1).

It is axiomatic that a judgment right for any reason will be affirmed. *Robinson*, supra, 226 Ga. App. at 406. Although we do not embrace the trial court's legal analysis, we reach the same result in finding that the State failed to establish the lawfulness of the warrantless search and seizure of the contents of Gay's bag. See *Browning*, supra, 209 Ga. App. at 198 (1). The motion to suppress was therefore properly granted.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED AUGUST 30, 2004 — 

Patrick H. Head, District Attorney, Dana J. Norman, Marion T. Woodward, Assistant District Attorneys, for appellant.
Mitchell D. Durham, for appellee.