A04A1188. THE STATE v. STEVENS.
(605 SE2d 406)

BARNES, Judge.

The State appeals from the trial court's order granting Andrew Stevens' motion to suppress marijuana found in his backpack during a search of his girlfriend's apartment. We affirm.

The parties stipulated to the facts surrounding the search during the motion to suppress hearing. Stevens' girlfriend gave written

---

consent for police to search her apartment or "the premises." The police had seen a pipe with possible drug residue on it in Stevens' car and asked his girlfriend at the time of the search if he carried any items around with him that were in her apartment. The girlfriend described the backpack and the police found a backpack matching her description in the pull-down attic. The police knew that the backpack belonged to Stevens and that he had been in the apartment earlier in the day. Stevens was not present during the search and the police did not attempt to obtain his consent for a search of his backpack, even though he may have been in police custody at the time of the search. Stevens did not live in the apartment and his name was not on the lease.

Based on these stipulated facts, the trial court properly granted Stevens' motion to suppress. "Where the police have notice, as admitted here, that they are searching the personal effects of a visitor, such a search is illegal absent independent justification for a personal search." *State v. Browning*, 209 Ga. App. 197, 198 (1) (433 SE2d 119) (1993) (police illegally searched woman's purse found on apartment floor). See also *Childers v. State*, 158 Ga. App. 613 (281 SE2d 349) (1981) (purse); *State v. Brassell*, 144 Ga. App. 279 (241 SE2d 57) (1977) (backpack and trunk); *Hayes v. State*, 141 Ga. App. 706 (234 SE2d 360) (1977) (suitcase). As the State's sole justification for the search was the girlfriend's consent to search her apartment, there is no independent basis to uphold the search.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 29, 2004.

*Jeffrey H. Brickman, District Attorney, Steven C. Chen, Assistant District Attorney*, for appellant.

*Davis, Zipperman, Kirschenbaum & Lotito, Nicholas A. Lotito*, for appellee.