A07A1049. THE STATE v. McCARTHY.
(654 SE2d 239)

BARNES, Chief Judge.

The State appeals from the trial court's order granting Mark McCarthy's motion to suppress evidence gathered in connection with a warrantless search of his bag, arguing that the search was legal (1) as incident to the arrest of either McCarthy or Lia Puckett, a co-defendant, (2) because McCarthy had no expectation of privacy and no standing to challenge the search, and (3) as an inventory search. For reasons that follow, we affirm the trial court's grant of the motion to suppress.

In reviewing a trial court's grant of a motion to suppress, we construe the evidence most favorably to uphold the findings and judgment of the trial court, and will accept the trial court's decisions regarding questions of fact and credibility unless clearly erroneous. *Lough v. State*, 276 Ga. App. 495 (623 SE2d 688) (2005). We review de novo the trial court's application of the law to undisputed facts. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

So viewed, the evidence shows that Amber Hardy had allowed her cousin, Puckett, to sleep on the couch in her living room for a couple of weeks. When Hardy discovered Puckett and her boyfriend, McCarthy, asleep on the couch one morning, she went to the police station and asked the police to execute an outstanding arrest warrant against McCarthy, giving them permission to enter her unlocked house. After verifying that a felony warrant from Jackson County existed against McCarthy, a sergeant and two officers entered Hardy's residence and arrested McCarthy, who was still asleep on the couch. While the sergeant took McCarthy out to the patrol car, another officer saw a clear plastic baggy containing what appeared to

be marijuana on a bookshelf above the couch. Puckett was arrested after claiming the marijuana was hers, but after McCarthy received his *Miranda* warnings, he said, "The marijuana's mine. She doesn't have anything to do with it."

Because the presence of the marijuana gave the officers probable cause to search for drugs, the officers contacted a detective to come to the scene. Hardy, who had come home in the meantime, gave the officers permission to search the residence. At one end of the couch, Puckett's purse contained a bag with less than a gram of methamphetamine, and at the other end, McCarthy's bag contained a "large quantity of methamphetamine" as well as small colored plastic bags, electronic scales, and cash.

After McCarthy arrived at the jail, a police captain read him his rights again and McCarthy requested an attorney. As the captain prepared to leave, McCarthy asked what he was being charged with. When told the charge was trafficking methamphetamine because the drugs weighed more than 28.35 grams, McCarthy said "what was there was only a couple grams, there's no way it could be that much."

The trial court held that the bag from which the alleged contraband was illegally seized was McCarthy's property; that he had not abandoned the bag or his expectation of privacy in the bag; and that the search was not incident to his arrest on an unrelated warrant. The court thus suppressed all evidence from the bag and any statements McCarthy made about that evidence.

"Where the police have notice, as admitted here, that they are searching the personal effects of a visitor, such a search is illegal absent independent justification for a personal search. [Cit.]" *State v. Browning*, 209 Ga. App. 197, 198 (1) (433 SE2d 119) (1993).

1. The trial court held that the search of McCarthy's black bag was not incident to his arrest. The State first argues that the search was valid because it was incident to McCarthy's and Puckett's arrests. "When a lawful arrest is effected a peace officer may reasonably search the person arrested and the area within the person's immediate presence" for four specific purposes: to protect the officer, to prevent escape, to discover the fruits of the crime for which the person has been arrested, and to discover items used to commit the crime. OCGA § 17-5-1 (a) (1)-(4). "These enumerated purposes do not expand the spatial limitations of a search incident to arrest as previously established in OCGA § 17-5-1 (a), i.e., the 'person arrested' and that person's 'immediate presence.' " *Brannon v. State*, 231 Ga. App. 847, 848 (500 SE2d 597) (1998).

As McCarthy was already secured in the patrol car, the search of the living room was not for protection or to prevent escape. Furthermore, as in *Brannon*, McCarthy was arrested solely for the out-of-county warrant (the grounds for the warrant are not in the record),

and the State did not argue that the officers had any reason to believe that the bag contained anything related to the crime for which he was arrested. Accordingly, the trial court did not err in holding that the search was not valid as incident to McCarthy's arrest.

2. The State next argues that the trial court erred in granting McCarthy's motion to suppress because he had no expectation of privacy concerning the bag left in Hardy's apartment, and therefore the issue of his consent was irrelevant. The State also contends that Hardy's consent to the search of the premises included consent to search the black bag. "The burden is on the defendant to show that he has standing to contest the alleged violation, i.e., that he has a legitimate expectation of privacy. . . . [I]t is the recognized relationship of the person with the property searched that gives rise to the protective device of suppression." (Punctuation omitted.) *Shelton v. State*, 252 Ga. App. 444, 445 (1) (556 SE2d 540) (2001). The trial court held that the black bag belonged to McCarthy, who had not abandoned it or any expectation of privacy regarding its contents.

A "visitor has a substantial interest in the privacy of all his possessions, wherever located" and "[p]ersonal belongings brought by their owner on a visit to a friend's house retain their constitutional protection until their owner meaningfully abdicates control or responsibility." (Citations and punctuation omitted.) *State v. Browning*, supra, 209 Ga. App. at 198 (1). When

> "the police have notice, as admitted here, that they are searching the personal effects of a visitor, such a search is illegal absent independent justification for a personal search." *State v. Browning*, [supra,] 209 Ga. App. [at 198] (police illegally searched woman's purse found on apartment floor). See also *Childers v. State*, 158 Ga. App. 613 (281 SE2d 349) (1981) (purse); *State v. Brassell*, 144 Ga. App. 279 (241 SE2d 57) (1977) (backpack and trunk); *Hayes v. State*, 141 Ga. App. 706 (234 SE2d 360) (1977) (suitcase).

*State v. Stevens*, 269 Ga. App. 769, 770 (605 SE2d 406) (2004).

In *Browning*, this Court upheld the trial court's order to suppress evidence found in a purse during a search of an apartment where the officers knew the purse belonged to a visitor, and the owner never disclaimed possession and hence did not abandon her expectation of privacy. *Browning*, supra, 209 Ga. App. at 198. The trial court in this case found that the black bag belonged to McCarthy and that he had not abandoned it or his expectation of privacy with regards to the contents of the bag. The trial court also found that the officers had reason to know that the bag belonged to McCarthy, and McCarthy never disclaimed ownership of the bag, thereby maintaining his

expectation of privacy. "[A]bandonment . . . is a factual issue to be resolved by the trier of fact — the judge hearing the motion. This finding on a motion to suppress must not be disturbed by this court if there is any evidence to support it." (Citation and punctuation omitted.) Id.

The State argues that the officers did not learn the bag was McCarthy's until after the search. The State did not make this argument at the trial level and thus has waived its right to argue it on appeal. *City of Dalton v. Smith*, 210 Ga. App. 858, 859 (1) (437 SE2d 827) (1993). Further, the citations to the record given by the State to confirm this allegation utterly fail to do so; and the trial court found that the officers had reason to know the bag belonged to McCarthy at the time they searched it. See also *Childers*, supra, 158 Ga. App. at 615 ("[w]hether the police had notice that they were searching the personal effects of a visitor to searched premises must be determined on the facts of each case," and ordering suppression of evidence found in search of a visitor's purse based on constructive knowledge that purse belonged to a visitor). This factual finding is not clearly erroneous. *Lough*, supra, 276 Ga. App. at 496.

Hardy's consent to the search does not override McCarthy's privacy interest in his possessions, particularly given the officers' knowledge that the bag did not belong to Hardy. *Stevens*, supra, 269 Ga. App. at 770 (1). See also *State v. Gay*, 269 Ga. App. 331, 333-334 (604 SE2d 572) (2004) (consent to search premises did not justify search of backpack officers knew belonged to a visitor). Compare *Lough*, supra, 276 Ga. App. at 497, 499 (defendant who denied owning backpack could not later claim privacy interest in it). Here, McCarthy never denied owning the bag, and thus never abandoned it. Accordingly, we find this enumeration meritless.

3. Finally, the State argues that the search was valid because the officers legally inventoried the bag's contents. "Inventory searches . . . are permitted for certain limited purposes only (i.e., the protection of the property itself, to protect the police against claims for the loss of such property, and for the protection of the officers themselves)." *Gaston v. State*, 155 Ga. App. 337, 339 (270 SE2d 877) (1980). Although inventories pursuant to standard police procedures are reasonable, the officers involved in this case never testified that they found the contraband while inventorying McCarthy's personal effects. Thus, the State cannot show that the officers acted in good faith by carrying out an inventory procedure without investigative intent. Cf. *Mooney v. State*, 243 Ga. 373, 379 (1) (254 SE2d 337) (1979).

The trial court did not err in granting McCarthy's motion to suppress any evidence related to the bag's contents and any statements McCarthy made about that evidence.

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 15, 2007.

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellant.
*Robert D. Lenhardt*, for appellee.