A07A2489. THE STATE v. KUHNHAUSEN.
(657 SE2d 592)

JOHNSON, Presiding Judge.

On March 28, 2006, six police officers conducted a search at 132 Irvin Drive, Dawsonville, Georgia. Guy Kuhnhausen, who was on probation for a felony offense, had executed a waiver of his Fourth Amendment rights to contest such a search as a condition of his probation. While attempting to conduct the search on Guy Kuhnhausen, officers entered a residence belonging to Shaun Kuhnhausen, Guy's brother. The trial court ruled that the entry into Shaun Kuhnhausen's residence was unlawful because no exigent circumstances existed to warrant the intrusion into the residence of Shaun Kuhnhausen and the officers therefore had no authority to extend their presence into the residence of Shaun Kuhnhausen. The

state appeals, alleging the trial court erred in suppressing items found in Shaun Kuhnhausen's residence. We find no error and affirm the trial court's ruling.

1. The state contends the trial court erred in granting the motion to suppress because at the time of the search Shaun Kuhnhausen "was a co-habitant in a single-family dwelling with his brother, who had waived his Fourth Amendment rights." In reviewing a trial court's order granting a motion to suppress evidence, this Court must abide by three principles:

> First, the judge sits as the trier of facts. The trial judge hears the evidence, and his findings . . . are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.[1]

We review de novo the trial court's application of the law to undisputed facts.[2]

So viewed, the evidence shows that, contrary to the state's contention, the residence in question is not a single-family dwelling, but, rather, a mobile home which has been permanently divided with the construction of a wall down the width of the home. There is no access from one side of the structure into the other side of the structure. In fact, the only way to get from one residence to the other residence is to exit one residence, walk to the door of the adjoining residence, and enter the door for the second residence. One of the investigators at the scene testified that he knew both Guy and Shaun Kuhnhausen, knew that the structure was divided into two separate residences, and had been in both sides of the structure on previous occasions.

Gwen Kuhnhausen, Guy and Shaun's mother, testified that she rents one side of the mobile home to Guy and one side to Shaun. Each side has its own separate door, with different locks, and Guy and Shaun have separate keys to their side of the mobile home. The mother further testified that contrary to the state's contention, Guy Kuhnhausen's side of the mobile home has a "makeshift kitchen with a refrigerator and a hot plate."

---

[1] (Citation and punctuation omitted.) *State v. King*, 287 Ga. App. 680, 681 (652 SE2d 574) (2007).

[2] *State v. McCarthy*, 288 Ga. App. 426 (654 SE2d 239) (2007).

Here, it is undisputed that the officers had no independent probable cause or search warrant for Shaun Kuhnhausen, but were simply at the mobile home to conduct a search pursuant to Guy Kuhnhausen's voluntary waiver of his Fourth Amendment rights. Although officers may have acted in good faith, believing the residence in which Shaun Kuhnhausen was living was part of Guy Kuhnhausen's residence for which he had granted a Fourth Amendment waiver, that belief was erroneous, and the good faith exception to the warrant requirement does not apply in Georgia.[3] One individual cannot waive the Fourth Amendment rights of another individual on their independent, separate, private property.[4] Thus, Guy Kuhnhausen could not waive Shaun Kuhnhausen's Fourth Amendment rights to be free from search and seizure on his property. The trial court did not err in granting Shaun Kuhnhausen's motion to suppress evidence discovered in his residence.

2. In an effort to circumvent the warrant requirement, the state contends the trial court erred in granting Shaun Kuhnhausen's motion to suppress because exigent circumstances existed which justified the warrantless entry into Shaun Kuhnhausen's home. Once a defendant files a motion to suppress alleging an illegal search and seizure, the state bears the burden of proving that the search is lawful.[5] The state has not met its burden in the present case.

According to officers at the scene, they observed Guy Kuhnhausen exit his side of the mobile home, look at the officers, yell something, and then run back into his residence. Understandably, officers became concerned about the destruction of evidence in Guy Kuhnhausen's residence. However, this concern did not justifiably extend to Shaun Kuhnhausen's residence. An exigent circumstance which justifies the warrantless entry of a private home is the officer's reasonable belief that such action is a necessary response on his part to an emergency situation.[6] "Without more, even probable cause to believe that a crime has been committed or is being committed does not authorize a warrantless search of one's dwelling."[7]

Here, the officers failed to present any evidence that the officers' entry into Shaun Kuhnhausen's residence derived from an emergency situation or exigent circumstances. While the officers had a right to remain outside and await a search warrant or request permission to search from Shaun Kuhnhausen, the officers had no

---

[3] See *Gary v. State*, 262 Ga. 573, 577-578 (422 SE2d 426) (1992).
[4] See generally *State v. Randolph*, 278 Ga. 614, 614-615 (604 SE2d 835) (2004); *State v. Gay*, 269 Ga. App. 331, 333 (604 SE2d 572) (2004).
[5] See *State v. King*, supra at 682.
[6] See *Leon-Velazquez v. State*, 269 Ga. App. 760, 762 (1) (605 SE2d 400) (2004).
[7] (Citation and punctuation omitted.) Id.

right to intrude into the privacy of Shaun Kuhnhausen's residence. The trial court did not err in suppressing evidence obtained as a result of the illegal search and seizure.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED FEBRUARY 4, 2008.

*Lee Darragh, District Attorney, Michael D. Morrison, Assistant District Attorney*, for appellant.

*E. Paul Stanley*, for appellee.