## A09A2173. THE STATE v. PARRISH.
(691 SE2d 888)

BERNES, Judge.

The state appeals from the trial court's order granting William Parrish, Jr.'s motion to suppress contraband evidence seized from his locked gun cabinet during the warrantless search of his residence.

---

The state contends that the search was legal because Parrish's wife gave consent. Because the evidence established that Parrish's wife lacked authority to consent to the search of the locked gun cabinet where the contraband evidence was found, we affirm the trial court's decision.

> In reviewing a trial court's grant of a motion to suppress, we construe the evidence most favorably to uphold the findings and judgment of the trial court, and will accept the trial court's decisions regarding questions of fact and credibility unless clearly erroneous. We review de novo the trial court's application of the law to undisputed facts.

(Citations omitted.) *State v. McCarthy*, 288 Ga. App. 426 (654 SE2d 239) (2007).

The officer who conducted the warrantless search was the only witness to testify at the motion to suppress hearing, and the relevant facts established by his testimony are not in dispute. The officer testified that on the evening of October 24, 2008, he was conducting an investigation of an unrelated matter and went to Parrish's residence in hopes of interviewing him. When the officer arrived at the residence, he learned that Parrish was not at home. The officer spoke to Parrish's wife, who told him that Parrish had gone out of town to find work. While the officer and Parrish's wife were talking, Parrish called the residence and spoke to the officer. Parrish told the officer that he was out of town, but was coming back home and would meet with the officer upon his arrival. The officer did not request Parrish's consent to search the residence during the course of their conversation. Instead, the officer requested and obtained consent to search from Parrish's wife.

Parrish's wife told the officer that Parrish had a locked gun cabinet where he stored firearms. Although the gun cabinet was located in the master bedroom that she shared with Parrish, Parrish's wife told the officer that Parrish was the only person who had access to the locked gun cabinet; he was the only person who had a key. According to the officer, Parrish's wife did not give any indication that she had ever gone into the cabinet. The officer nevertheless gained entry into the gun cabinet with assistance from Parrish's wife, who helped him "jimmy" or break the lock. When the officer opened the gun cabinet, he found a .22 caliber rifle, an empty holster, and .380 caliber ammunition.

William Parrish, Jr., was indicted for possession of a firearm by a convicted felon, as proscribed by OCGA § 16-11-131 (b).[1] He filed

---

[1] "Any person . . . who has been convicted of a felony by a court of this state or any other

a motion to suppress the firearm evidence, contending that the warrantless search was illegal since his wife lacked authority to consent to a search of his locked gun cabinet.[2] The trial court granted the motion. We agree.

It is well settled that "the consent of one who possesses common authority over premises or effects is valid as against the absent, nonconsenting person with whom that authority is shared." *United States v. Matlock*, 415 U. S. 164, 170 (II) (94 SC 988, 39 LE2d 242) (1974). See also *Presnell v. State*, 274 Ga. 246, 252 (8) (551 SE2d 723) (2001); *Walsh v. State*, 236 Ga. App. 558, 560-561 (2) (512 SE2d 408) (1999).

> Common authority rests on mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched.

(Citation and punctuation omitted.) *Tidwell v. State*, 285 Ga. 103, 105-106 (1) (674 SE2d 272) (2009), citing *Matlock*, 415 U. S. at 171 (II), n. 7. A warrantless search based upon the consent of a third party will be deemed valid when, at the time of entry, police reasonably believe that the third party possesses common authority over the area to be searched. See *Illinois v. Rodriguez*, 497 U. S. 177, 183-189 (III) (B) (110 SC 2793, 111 LE2d 148) (1990).

In this case, it is undisputed that Parrish's wife lived at the residence and had common authority to consent to a search of the residence's common areas. See *Rucker v. State*, 250 Ga. 371, 375 (11) (297 SE2d 481) (1982); *Brooks v. State*, 231 Ga. App. 561, 562-563 (2) (500 SE2d 11) (1998). But the evidence does not support a finding that her authority extended to Parrish's locked gun cabinet. Parrish's wife had informed the officer that the gun cabinet belonged to Parrish. Parrish had locked the gun cabinet to prevent access, and he was the only one who had a key. Moreover, there was no evidence that Parrish's wife ever had accessed or used the gun cabinet. By locking the gun cabinet and maintaining possession of the only key, Parrish manifested his intent to maintain exclusive control over the gun cabinet and his expectation of privacy in it.[3] Because the

---

state . . . and who receives, possesses, or transports any firearm commits a felony[.]" OCGA § 16-11-131 (b).

[2] The state has not asserted any basis other than consent to establish the lawfulness of the search.

[3] The state's argument that Parrish's wife demonstrated her access to the gun cabinet by

evidence known to the officer established that Parrish's wife did not have joint access or control over the gun cabinet, her consent to its search was invalid. See *State v. Stewart*, 203 Ga. App. 829 (418 SE2d 110) (1992) (agents could not reasonably believe that person giving consent possessed any authority over the premises when he informed the agents that he had no key or other means of access and the agents had to cut the padlock to gain entry). See also *Tidwell*, 285 Ga. at 104-106 (1) (consent to search premises did not justify search of defendant's private locker); *McCarthy*, 288 Ga. App. at 428-429 (2) (consent to search residence did not authorize search of defendant's bag); *State v. Stevens*, 269 Ga. App. 769, 769-770 (605 SE2d 406) (2004) (same); *State v. Gay*, 269 Ga. App. 331, 334 (604 SE2d 572) (2004) (same). Compare *Johnson v. State*, 266 Ga. 140, 140-141 (2) (464 SE2d 806) (1996) (wife who had common authority over suitcase could consent to its search); *Walsh*, 236 Ga. App. at 561 (2) (defendant's wife had authority to consent to the seizure of a computer based upon evidence that the computer was available to the entire family and did not belong to defendant alone); *McClure v. State*, 166 Ga. App. 864 (1) (305 SE2d 456) (1983) (seizure of gun from an open nightstand in bedroom was lawful since defendant's wife had common authority over the premises and its effects to give valid consent for the warrantless search). Consequently, the warrantless search of the gun cabinet was illegal and the firearm evidence seized during the search was properly suppressed.

While we agree .with the trial court's decision granting the motion to suppress, we disagree with the analysis and reasoning that it applied to reach its conclusion.[4] Nevertheless, a judgment will be affirmed when it is right for any reason. See *Gay*, 269 Ga. App. at 334. "Although we do not embrace the trial court's legal analysis, we reach the same result in finding that the State failed to establish the lawfulness of the warrantless search and seizure of the contents of [Parrish's gun cabinet]. The motion to suppress was therefore properly granted." (Citations omitted.) Id.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

---

helping the officer "jimmy" or break the lock is contrary to the officer's testimony that Parrish's wife never indicated that she had access to the gun cabinet.

[4] The trial court reasoned that "[w]hile [Parrish's] wife had the authority to consent to a search of the dwelling as it related to seizures of evidence that might be used against her, she was without authority to consent to a search of the premises that would lead to the seizure of evidence that might be used against [Parrish]." Contrary to the trial court's reasoning, the determination as to whether Parrish's wife had authority to give valid consent to a search was not dependent upon whom the seized evidence would be used against. Rather, as explained above, the critical issue is whether the officer could reasonably believe that Parrish's wife had common authority over the areas to be searched. See *Rodriguez*, 497 U. S. at 183-189 (III) (B).

DECIDED MARCH 16, 2010.

*Joseph K. Mulholland, District Attorney, William J. Hunter, Assistant District Attorney*, for appellant.

*Hoyle McLendon III*, for appellee.