## 35513. ZANT v. OWENS.

MARSHALL, Justice.

The state appeals from the grant of the writ of habeas corpus to the appellant, whose petition attacked the validity of his conviction of escape.

"The lawful confinement of the [appellee] at the time of his escape was a necessary element of that offense . . ." *Dixon v. State,* 234 Ga. 157 (215 SE2d 5) (1975). There was no fatal variance between the allegation in the indictment, that the appellee had been convicted of murder in Harris *and* Muscogee Counties, and the proof, that he had been convicted of murder only in Harris County,[1] since the only purpose of such allegation was to show lawful confinement, which was both alleged and proved without regard to the objected-to, admittedly erroneous allegation. See Berger v. United States, 295 U.S. 78, 82 (55 SC 629, 79 LE 1314) (1935) and its application in Georgia in cases commencing with *De Palma v. State,* 225 Ga. 465, 469 (169 SE2d 801) (1969). The erroneous allegation was therefore merely

---

[1]Proved by his custodian's testimony, and admitted in the appellee's petition for the writ of habeas corpus. The record indicates that the appellee's sentence for the conviction had been paroled, but that the parole had been revoked.

surplusage, and was harmless error where the judge imposed the sentence, which was approved by the sentence review panel, pursuant to Code Ann. § 27-2511.1 (Ga. L. 1974, pp. 352, 358; 1977, pp. 1098, 1104), and where there was no direct appeal from the conviction of escape. See, e.g., *Green v. Green,* 231 Ga. 311 (201 SE2d 440) (1973) and cits.; *Atkins v. Martin,* 229 Ga. 815 (194 SE2d 463) (1972) and cit.

Accordingly, the court erred in granting the writ of habeas corpus.

*Judgment reversed. All the Justices concur.*

SUBMITTED OCTOBER 5, 1979 — DECIDED OCTOBER 17, 1979.

*Arthur K. Bolton, Attorney General, William B. Hill, Jr., Assistant Attorney General,* for appellant.
William A. Owens, *pro se.*