■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHESTER D. GIGLIUTO, Appellant. [803 NYS2d 216]—

Peters, J. Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered May 6, 2004, upon a verdict convicting defendant of the crimes of arson in the third degree, reckless endangerment in the second degree and overdriving, torturing and injuring animals (53 counts).

Defendant owned and operated a dairy farm which had a house, barn and toolshed on the property. On June 15, 2003, he killed 53 of his cattle and set fire to the house in an effort to

prevent his ex-wife from collecting a judgment for child support arrears. Charged with numerous crimes, he was convicted after a jury trial of arson in the third degree, reckless endangerment in the second degree and 53 counts of overdriving, torturing and injuring animals (see Agriculture and Markets Law § 353); he was sentenced to an aggregate prison term of 3 to 9 years. He appeals and we affirm.

While defendant candidly admits that the evidence presented established all of the elements of arson in the third degree (see Penal Law § 150.10 [1]), he challenges the legal sufficiency of his conviction by relying upon an affirmative defense (see Penal Law § 150.10 [2]). The defense applies when: "(a) no person other than the defendant had a possessory or proprietary interest in the building . . . or if other persons had such interests, all of them consented to the defendant's conduct, and (b) the defendant's sole intent was to destroy or damage the building . . . for a lawful and proper purpose, and (c) the defendant had no reasonable ground to believe that his conduct might endanger the life or safety of another person or damage another building" (Penal Law § 150.10 [2]).

In our view, the jury rationally evaluated the proof. Defendant failed to establish that he was the only person with a possessory or proprietary interest in this building. His own testimony confirmed that at least one of the individuals who was residing in the house was a month-to-month tenant to whom he failed to give the requisite 30 days notice before forcing him to vacate the premises. Moreover, given the arrears award owed to his ex-wife, coupled with his stated intent that he committed the aforesaid crimes to preclude her from recovering those funds, he failed to establish her lack of a proprietary interest in the property. This evidence further undermined his claim that his intent was for a lawful and proper purpose. Finally, it strains credulity to conclude that defendant had no reasonable ground to believe that his conduct might not endanger the life and safety of another person since fire personnel were expected to, and did, respond to the calamity.

Nor do we find error in County Court's denial of defendant's application for the appointment of a special prosecutor based upon his assertions that an Assistant District Attorney (hereinafter ADA) had a law partner who represented defendant's ex-wife in their divorce proceedings, a different ADA represented defendant in his child support proceeding and a third ADA was present and involved when defendant gave his statement to authorities concerning this incident. The narrowly defined standard for the removal of a public prosecutor, to wit, "to protect a

defendant from actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence" (*Matter of Schumer v Holtzman*, 60 NY2d 46, 55 [1983]), is not satisfied by the mere appearance of impropriety (*see id.*; *People v Early*, 173 AD2d 884 [1991], *lv denied* 79 NY2d 1000 [1992]; *People v Frye*, 129 AD2d 985 [1987], *lv denied* 72 NY2d 859 [1988]). Moreover, no error can be discerned from County Court's further failure to conduct a *Gomberg* inquiry (*see People v Gomberg*, 38 NY2d 307 [1975]) since no conflict, or possibility thereof, was demonstrated solely by the fact that at the time of defendant's arrest, a member of the Public Defender's office was a court attorney for the judge who decided defendant's child support issues (*see People v Lombardo*, 61 NY2d 97, 103 [1984]).

As to the claim of ineffective assistance of counsel, we have objectively considered defense counsel's performance in the totality of these circumstances (*see People v Baldi*, 54 NY2d 137, 147 [1981]) and found that defendant was not deprived of a fair trial (*see People v Satterfield*, 66 NY2d 796, 798-800 [1985]). Counsel's strategy was clearly geared to establish the affirmative defense, and mindful that "effective assistance of counsel does not require perfect representation" (*People v Driscoll*, 251 AD2d 759, 761 [1998], *lv denied* 92 NY2d 896 [1998]), reasonable competence was demonstrated.

As to defendant's sentence, we find neither extraordinary circumstances to warrant our intervention nor an abuse of discretion (*see People v Brodus*, 307 AD2d 643, 644 [2003], *lv denied* 100 NY2d 618 [2003]; *People v Sawinski*, 294 AD2d 667, 669 [2002], *lv denied* 98 NY2d 701 [2002]). Defendant was sentenced to a term less than the statutory maximum after County Court considered both his full cooperation and lack of a criminal record. Despite defendant's contentions, these mitigating circumstances were undermined by his clear lack of remorse (*see People v Krug*, 282 AD2d 874, 880 [2001], *lv denied* 98 NY2d 652 [2002]; *see also People v Wright*, 295 AD2d 806, 807 [2002]).

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.