◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER A. DI NAPOLI, Appellant. [813 NYS2d 280]—

Peters, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered June 21, 2004, upon a verdict convicting defendant of the crime of arson in the third degree.

Defendant was charged, in a single-count indictment, with arson in the third degree arising out of a fire in a restaurant owned by him in the Village of Massena, St. Lawrence County. Local police officers spotted defendant and a vehicle resembling that driven by defendant in the immediate vicinity of the restaurant at the time of the fire. When two of those police officers went to defendant's home shortly thereafter to advise him that his business was aflame, he had just emerged from a shower and a laundry was in the wash. In response to a query from one of those police officers as to whose laundry was being washed, defendant's friend, Paul Wibbe, stated that he was staying in the house and that the laundry was his; Wibbe permitted the police officer to look inside the washer. The police officer discovered a sweatshirt and sweatpants that matched the clothes that defendant was observed wearing near the scene of the crime. Ultimately, the forensic investigation revealed that neither natural nor accidental causes were responsible for the fire.

Defendant's motion to suppress the sweatshirt was denied by County Court. At a jury trial, defendant was found guilty of the crime charged and was, thereafter, sentenced to a prison term of 1½ to 4½ years. Upon appeal, defendant raises numerous challenges. We will address only those which have been properly preserved for our review since no circumstances warrant the exercise of our interest of justice jurisdiction.

Addressing first the search of the washing machine, County Court properly found that Wibbe had authority to consent to its search. At the time that the consent was sought, Wibbe represented that he was staying at defendant's home and that the laundry was his. Thus, he was authorized to consent to the search (*see People v Gonzalez*, 88 NY2d 289, 294 [1996]).

Nor do we find that County Court improperly denied defendant's challenges for cause to two of the jurors—one juror knew persons displaced by the fire and the other juror knew and worked with an individual who was expected to testify as an expert witness. Each potential juror gave an unequivocal assurance that any suspected bias could be set aside and that an impartial verdict could be rendered (*see People v Johnson*, 94 NY2d 600, 614 [2000]; *compare People v McLean*, 24 AD3d 1110, 1111 [2005]).

With respect to the evidence presented, we find that, albeit circumstantial, it was legally sufficient and the verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Contes*, 60 NY2d 620, 621 [1983]). Confronted with conflicting testimony concerning both the cause of the fire and defendant's whereabouts at the time it occurred, the jury was entitled to credit the People's witnesses over those presented by defendant. According deference to the jury's ability to view the witnesses, hear their testimony and assess credibility, we find no basis upon which we would disturb its verdict (*see People v Krug*, 282 AD2d 874, 878 [2001], *lv denied* 98 NY2d 652 [2002]).

Next addressing the evidentiary rulings on the People's forensic assessment of the burned building, we find no error as to those questions for which a timely objection was raised (*see People v Gssime*, 269 AD2d 605 [2000], *lv denied* 95 NY2d 963 [2000]). As to those claims of prosecutorial misconduct which were preserved for our review, defendant did not suffer prejudice which would deprive him of due process (*see People v Mc-Combs*, 18 AD3d 888, 890 [2005]).

Turning to the motions for a mistrial, the first motion was grounded upon a question that the People propounded to a private investigator testifying for defendant. The investigator was asked, during the course of his interview with Wibbe, whether Wibbe indicated that he knew the prosecutor from a prior encounter. When the witness replied in the affirmative, the prosecutor asked if Wibbe told him "that when [he] was a prosecutor in Jefferson County [he] tried to implicate him as a co-conspirator in an arson fire?" An immediate objection was raised and a motion for a mistrial was made because Wibbe was to be an alibi witness for defendant. County Court sustained the objection and denied such motion, reminding the jury that it should not draw an inference from the mere asking of the question. While we agree that the prosecutor's question was improper, County Court dealt with it promptly and properly to avoid prejudice to defendant (*see People v Rotundo*, 194 AD2d 943, 945-946 [1993], *lv denied* 82 NY2d 726 [1993]). The second motion was based upon an assertion, during the People's summation, that an incorrect representation was made that a radio log contained a statement by one of the police officers that defendant's restaurant was on fire and that defendant was seen walking out of the building. After defendant objected to that statement, County Court again responded promptly and properly by reminding counsel that the radio log was in evidence and that it was up to the jury to decide whether such statement was made.

Concerning defendant's sentence, we find neither an abuse of discretion nor extraordinary circumstances which would warrant our intervention (*see People v Gigliuto*, 22 AD3d 890, 892 [2005]).

Cardona, P.J., Mercure, Crew III and Mugglin, JJ., concur. Ordered that the judgment is affirmed.