THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE PERRINEAU, Appellant. [860 NYS2d 663]—

Malone Jr., J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered April 20, 2005, convicting defendant upon his plea of guilty of the crimes of rape in the third degree, criminal sexual act in the third degree and endangering the welfare of a child.

Defendant was questioned by the police in connection with a report that he had engaged in sexual intercourse and oral sexual conduct with a 16-year-old female. After he made an incriminat-

ing statement, defendant was charged with rape in the third degree, criminal sexual act in the third degree and endangering the welfare of a child. Following an unsuccessful attempt to suppress his statement, defendant pleaded guilty to the charges and was sentenced as a second felony offender to an aggregate prison term of $1^3/_4$ to $3^1/_2$ years. Defendant now appeals.

Defendant's sole contention on appeal is that County Court improperly denied his motion to suppress his statement because it was involuntarily made and was taken in violation of his right to counsel. The voluntariness of a defendant's statement is a question of fact to be determined by the suppression court after considering the totality of the circumstances in which it was made (*see People v Anderson*, 42 NY2d 35, 38 [1977]; *People v Blanchard*, 279 AD2d 808, 809 [2001], *lv denied* 96 NY2d 826 [2001]).

Here, defendant testified that he was deceived into going to the police station for questioning because Ulster County Sheriff's Investigator Joseph Sinagra, who was assigned to escort defendant to the police station with Detective Peter Montfort, also worked as the security manager at defendant's place of employment and Sinagra led him to believe that he was going to be questioned about a work-related problem. Defendant further claimed that, prior to leaving for the station, he informed Sinagra and Montfort that he had slept for only two hours because he had just finished an overnight shift and he needed to take prescription medication for glaucoma and a thyroid disorder. According to defendant, throughout the questioning he repeatedly requested legal counsel but was told that counsel was not necessary.

To the contrary, Sinagra testified that, upon arriving at defendant's residence, he did not discuss with defendant the specific allegations against him, nor did he indicate to defendant that there was a work-related problem. Nevertheless, defendant willingly accompanied them to the police station for questioning. Montfort testified that, upon arriving at the station, he advised defendant of his *Miranda* rights, which defendant indicated he understood and knowingly waived, and he again advised defendant of his rights prior to taking defendant's tape-recorded statement. According to both Sinagra and Montfort, at no point did defendant request legal counsel. They also testified that defendant never complained about being tired and was awake and alert throughout the three-hour questioning. Moreover, defendant did not mention to them his need for medication until after the questioning had concluded.

Under the circumstances presented here, inasmuch as County

Court's factual determinations are supported by the record, and according deference to its credibility determinations (*see People v Bermudez*, 31 AD3d 968, 968 [2006], *lv denied* 8 NY3d 944 [2007]; *People v Blanchard*, 279 AD2d at 810), we conclude that County Court did not err in finding that defendant's statement was voluntarily made after a knowing and voluntary waiver of his right to counsel (*see People v Westervelt*, 47 AD3d 969, 971-972 [2008], *lv denied* 10 NY3d 818 [2008]; *People v Berumen*, 46 AD3d 1019, 1021 [2007], *lv denied* 10 NY3d 808 [2008]). Accordingly, defendant's motion to suppress his statement was properly denied.

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.