Lahtinen, J.
Appeal from a judgment of the County Court of Chenango County (Sullivan, J), rendered September 25, 2006, upon a verdict convicting defendant of the crimes of rape in the second degree, endangering the welfare of a child and sexual abuse in the second degree.
In July 2005, defendant, who was 40 years old, allegedly fondled and then had sexual intercourse with a 13-year-old victim. The victim was staying at defendant’s home visiting a daughter of defendant’s girlfriend. After the incident, defendant allegedly threatened her with harm if she ever told anybody.
*1044 The victim nevertheless eventually reported the incident in late November 2005 to a school counselor, who contacted police. Defendant initially denied the incident, but he soon provided police with a signed statement acknowledging that he had touched the victim’s breast and vagina and then had sexual intercourse with her, although he attempted to cast her as the aggressor. He was indicted for rape in the second degree, endangering the welfare of a child and sexual abuse in the second degree. His motion to suppress his confession was denied following a Huntley hearing. A jury found him guilty of all the counts and he was subsequently sentenced to 1 to 3 years in prison on the rape count, with concurrent 90-day sentences on the other two counts. Defendant appeals.
Defendant argues that his confession should have been suppressed. Determining whether a statement is voluntary is a factual issue for the suppression court, dependent on the totality of the circumstances (see People v Perrineau, 52 AD3d 1056, 1057 [2008]; People v Davis, 18 AD3d 1016, 1017 [2005], lv denied 5 NY3d 805 [2005]). The credibility determinations of the suppression court receive deference and will not be disturbed if supported by the record (see People v Kuklinski, 24 AD3d 1036, 1036 [2005], lvs denied 7 NY3d 758, 814 [2006]). Two individuals testified at the Huntley hearing, the detective who took defendant’s statement and defendant. The detective testified that he went to defendant’s residence and asked him to accompany him to the Sheriffs Department, which defendant did freely, and he was fully apprised both orally and in writing of his Miranda rights before questioning commenced. Although defendant initially denied sexual activity with the victim, he eventually acknowledged his actions. The detective typed a two-page statement in the form of his questions followed by defendant’s answers, which defendant reviewed and signed. Defendant, in his testimony, contended that the detective told him at the beginning of the interview that he had forfeited his right to a lawyer, he stated that he only skimmed the statement, and he asserted that he was pressured to sign the statement. In determining that defendant’s statement was voluntary, County Court found the detective’s testimony credible and defendant’s testimony not credible. Those findings were well within its discretion and are fully supported by the record.
The fact that the detective, when asked at the Huntley hearing whether he typed defendant’s statement “verbatim,” responded that he “may have missed a word here or there” does not, as asserted by defendant, render the statement fatally flawed. The detective testified that defendant could see the *1045 computer screen as he typed each response by defendant and that, after each response, the detective then read what he had typed back to defendant so that defendant could correct errors or add thereto. When the entire statement was typed, the detective printed it and gave it to defendant to read for any corrections or additions. After this review of the entire statement, defendant signed it. These procedures sufficiently ensured the accuracy of the statement (cf. People v Armlin, 281 AD2d 818, 818-819 [2001], lv denied 96 NY2d 898 [2001]).
County Court interjected questions at the Huntley hearing and defendant argues that this constituted reversible error. This argument is meritless. The disputed questions occurred at a pretrial hearing and not before a jury (see People v McRae, 284 AD2d 657, 659 [2001], lv denied 96 NY2d 921 [2001]), and, in any event, were aimed at clarifying issues and expediting the hearing (see People v Yut Wai Tom, 53 NY2d 44, 57 [1981]).
Defendant asserts several arguments regarding jury selection, none of which has merit. While some jurors gave initial responses that were not clear regarding their ability to be impartial, those who were permitted to remain on the jury had responded to follow-up inquiries with unequivocal assurances of impartiality (see People v Di Napoli, 28 AD3d 1013, 1014 [2006], lv denied 7 NY3d 812 [2006]; cf. People v McLean, 24 AD3d 1110, 1111 [2005]). Moreover, the record does not establish nor does defendant contend that he eventually exercised all of his peremptory challenges (see People v Nicholas, 98 NY2d 749, 752 [2002]; People v Faulkner, 36 AD3d 1071, 1073 [2007], Nothing in County Court’s questioning of and brief conversations with the various jurors constituted reversible error.
Defendant contends that the victim’s testimony was insufficient to corroborate his confession. “The corroboration requirement (see CPL 60.50) is met by some proof, of whatever weight, that the offense charged has in fact been committed by someone and it need not establish guilt or corroborate every detail of the confession” (People v Cole, 24 AD3d 1021, 1024-1025 [2005], lv denied 6 NY3d 832 [2006] [internal quotation marks and citations omitted]). Here, the victim was sworn as a witness and her responses to County Court’s questions established her as competent to testify (see People v Christie, 241 AD2d 699, 700 [1997], lv denied 90 NY2d 938 [1997]). While there were some discrepancies between the young victim’s grand jury testimony and her trial testimony, these were explored on cross-examination and created credibility questions for the jury (see People v Wagner, 178 AD2d 679, 680 [1991]). Her testimony regarding defendant’s conduct was clearly sufficient to corroborate his confession.
*1046 During her interview with police when reporting this incident, the victim stated that she had previously been subjected to “a bad touch” by two other individuals, both of whom had been arrested. Defendant requested to question the victim at trial about these incidents to show that she used reports of sex abuse as an act of revenge. County Court denied the request. There was no offer of proof indicating these prior incidents were false. Indeed, defendant’s offer of proof did not “demonstrate either the falsity of the prior [incidents] or that [they were] suggestive of a pattern that cast doubt on the validity of, or bore a significant probative relation to, the instant charges” (People v Lane, 47 AD3d 1125, 1128 [2008], lIv denied 10 NY3d 866 [2008] [internal quotation marks and citation omitted]). Defendant has asserted a totally different ground on appeal as a basis for questioning the victim about such incidents, but that ground was not preserved for review and, in any event, lacks merit.
The remaining issues have been considered and found unpersuasive.
Peters, J.R, Rose, Kane and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.