NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0716n.06

No. 08-3183

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 04, 2009
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,               )
                                        )
        Plaintiff-Appellee,             )
                                        )
v.                                      )   ON APPEAL FROM THE UNITED
                                        )   STATES DISTRICT COURT FOR THE
ANTHONY STANLEY,                        )   NORTHERN DISTRICT OF OHIO
                                        )
        Defendant-Appellant.            )
                                        )

Before:  GILMAN and GRIFFIN, Circuit Judges; and STEEH, District Judge.[*]

        GEORGE CARAM STEEH, District Judge.

        Appellant Anthony Stanley pleaded guilty to one count of distributing 50 grams or more of cocaine base ("crack cocaine"), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), one count of possessing 50 grams or more of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and one count of felon in possession of a weapon, in violation of 18 U.S.C. § 922(g). In his written plea agreement, Stanley waived certain appellate rights and preserved others. Stanley appeals the denial of his motion to suppress and claims that the district court denied his right to confront a police-officer witness at the suppression hearing by limiting cross-examination. Also, Stanley appeals his sentence, arguing he was denied due process of law because the district court

_____

[*]The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

-1-

failed to properly consider Sentencing Guidelines Amendments that reduced the guideline levels for crimes involving crack cocaine. Because some of Stanley's claims on appeal were waived at the time of his plea, and all of them lack merit, we affirm.

## I. Waiver of Appeal of Sentence

Initially, we address whether the sentencing issue Stanley raises on appeal was waived as part of his plea agreement. "It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005) (citation omitted). Criminal defendants "may waive their right to appeal as part of a plea agreement so long as the waiver is made knowingly and voluntarily." *United States v. Swanberg*, 370 F.3d 622, 625 (6th Cir. 2004).

Courts interpret plea agreements according to traditional principles of contract law. *United States v. Lukse*, 286 F.3d 906, 909 (6th Cir. 2002). During the plea hearing, the district court confirmed that Stanley understood the charges against him, the maximum penalties that he could receive, and that he would be subject to a mandatory minimum sentence of 240 months if the court agreed with the Government's sentencing position. The district court reviewed with Stanley the rights he was giving up by pleading guilty, including the appellate waiver contained in the plea agreement. Thereafter, the district court concluded on the record that Stanley had read and signed the plea agreement, that the plea agreement contained all of the agreement's terms, and that Stanley had voluntarily entered into the agreement. Consistent with the record developed by the district court and the express language of the waiver section of the plea agreement, Stanley voluntarily and knowingly agreed to waive his right to appeal except "any sentence to the extent it exceeds the

maximum of the sentencing range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations" in the plea agreement. *See Swanberg*, 370 F.3d at 626.

The Government filed an information pursuant to 21 U.S.C. § 851 to establish that Stanley had a prior felony drug conviction. By operation of 21 U.S.C. § 841(b)(1)(A), this prior conviction increased Stanley's mandatory minimum sentence from 10 to 20 years. During the sentencing hearing, the district court recognized that recent Sentencing Guideline Amendments relative to crack cocaine reduced the starting-point base offense level for Stanley from 32 to 30, but reasoned that the § 841(b)(1)(A) statutory enhancement of the minimum sentence from 10 to 20 years essentially nullified this base offense level reduction because the statutory minimum sentence was greater than the maximum sentence under the Sentencing Guidelines range that would otherwise apply. Stanley was sentenced to the statutory minimum 240 months on both drugs counts, and 120 months on the weapons conviction, with all sentences to run concurrently.

On appeal, Stanley claims the district court exceeded the Guidelines range in light of the recent Sentencing Guideline Amendments relative to crack cocaine. Contrary to Stanley's argument, his statutory minimum 240-month sentence is a guidelines sentence by operation of U.S.S.G. § 5G1.1(b), which provides that, "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." Defendant's reliance on *United States v. Gunter*, 462 F.3d 237 (3d. Cir. 2006), is misplaced in that Gunter was sentenced above the statutory minimum; here, the defendant was not.

Because Stanley received a sentence within the guidelines, he waived the right to challenge in the Rule 11 plea agreement he entered.

## II. The Suppression Motion was Properly Denied

As permitted by his plea agreement, Stanley also challenges the court's denial of his motion to suppress the cocaine and the handgun seized from his home, arguing on appeal that the police did not have valid consent to search the residence, that the district court erred in applying the plain-view doctrine, and the district court erred in applying the "knock and announce" rule. "In reviewing a district court's suppression determinations, this Court reviews findings of fact for clear error, and legal conclusions <u>de</u> <u>novo</u>." *United States v. Lawrence*, 308 F.3d 623, 626-27 (6th Cir. 2002) (quoting *United States v. Ivy*, 165 F.3d 397, 401 (6th Cir. 1998)).

A. Consent

Stanley argues that the district court erred by ruling that his girlfriend Foster validly consented to the search of the apartment. Without citing supporting precedent, Stanley argues that because he was present at the apartment and the subject of the arrest warrant, the officers should have tried to obtain his consent before asking Foster for her consent. Stanley also argues, again without supporting authority, that because he invoked his *Miranda* rights, his refusal to speak with the officers was the functional equivalent of an expressed non-consent. Stanley's reliance on *Georgia v. Randolph*, 547 U.S. 103 (2006), and *United States v. Murphy*, 516 F.3d 1117 (9th Cir. 2008), is misplaced because both cases involved defendants who expressly refused to consent, followed by a third-party who later gave consent to search. The Supreme Court stated that a "warrantless search of a shared dwelling for evidence over the *express refusal of consent* by a

physically present resident cannot be justified as reasonable as to him on the basis of consent given to the police by another resident." *Randolph*, 547 U.S. at 120 (emphasis added).

Stanley did not refuse consent to search the apartment. Stanley admits he was present in the apartment when Foster gave her consent to search. Stanley did not object after Foster gave her consent. Again, Stanley cites no authority, and we are unaware of any, that supports Stanley's assertion that the invocation of *Miranda* rights constitutes an express refusal of consent to search. The district court did not err in ruling that Foster's consent to the search gave the officers legal authority to search the apartment. *See Lawrence*, 308 F.3d at 626-627.

### B. Plain View

The plain-view doctrine is an exception to the general rule that an officer must have a warrant in order to seize personal property. *Horton v. California*, 496 U.S. 128, 134 (1990). If an officer "did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed," and the item was "in plain view" and "its incriminating character" was "immediately apparent," the officer may seize the evidence without a warrant under the "plain view" doctrine. *Id*. at 136 (citation omitted). Officers may not manipulate an object to determine whether it is contraband; instead, it must be immediately apparent that the object is contraband. *E.g.*, *Arizona v. Hicks*, 480 U.S. 321, 326-27 (1987).

An arrest warrant allows officers to enter the suspect's home if there is "reason to believe" that the suspect is within the home. *Payton v. New York*, 445 U.S. 573, 603 (U.S. 1980). Here, the district court correctly found that the drugs were properly seized pursuant to the plain-view doctrine. The officers had an arrest warrant authorizing Stanley's arrest. Officer Dancy's surveillance

demonstrated that Stanley frequently stayed overnight in the apartment. The night before the officers executed the warrant, Dancy observed Stanley arrive at the house in his vehicle. Stanley's vehicle was still at the residence when the officers executed the warrant the next morning. The district court did not commit clear error in finding that the officers had "reason to believe" that Stanley was in the apartment, thus giving them the right to lawfully enter his apartment. *See Payton*, 445 U.S. at 603; *Lawrence*, 308 F.3d at 626-27.

The district court also determined that, once the officers were lawfully inside, the "Crown Royal" bag was open, and the marijuana inside the glass vials was "plainly visible" and "obviously identifiable." These factual findings are supported by the record, and are not clearly erroneous. *Lawrence*, 308 F.3d at 626-27. Detective Arriza testified that he could see the vials lying horizontally in the open bag, and that he immediately identified the substance inside the vials as marijuana. *See United States v. McLevain*, 310 F.3d. 434, 441 (4th Cir. 2002) (noting that items such as marijuana or cocaine on a table in plain sight are immediately recognizable as contraband).

The district court did not err in ruling that the marijuana was lawfully seized under the "plain view" doctrine. *Horton*, 496 U.S. at 134; *Lawrence*, 308 F.3d at 626-627. Once the officers lawfully seized the marijuana filled vials from the open "Crown Royal" bag, the officers likewise lawfully seized the small bags of crack cocaine situated directly underneath the vials. *Horton*, 496 U.S. at 134. Detective Arriza testified that he immediately recognized the items as crack cocaine, which was obviously identifiable as contraband. *Id.*; *McLevain*, 310 F.3d. at 441; *Lawrence*, 308 F.3d at 626-27.

### C. Knock and Announce

No. 09-3183
United States v. Stanley

Stanley raises on appeal what he characterizes as a "knock and announce" argument, asserting that the district court erred when relying on *Hudson v. Michigan*, 547 U.S. 586 (2006), in denying his motion to suppress. The "knock and announce" argument is without merit. The district judge held that the officers were permitted to forcibly enter the apartment pursuant to their arrest warrant and their reasonable belief that Stanley was inside the apartment, citing *Payton*, 445 U.S. at 590, and *United States v. Wickizer*, 633 F.2d 900, 902 (6th Cir. 1980). Furthermore, the district court found that the officers knocked and announced themselves at the outside door, forcing open the door only after waiting a reasonable amount of time with no response. Stanley has not shown that the district court erred when it found that there was no knock and announce violation. Stanley's reliance on *United States v. Hardin*, 539 F.3d 404, 424 (6th Cir. 2008), for the proposition that *Payton* and *United States v. Pruitt*, 458 F.3d 477 (6th Cir. 2006), *cert. denied*, 127 S.Ct. 1814 (2007), "require[] at a minimum that the officers have a reasonable belief that the subject of the arrest warrant is within the residence at that time" supports the district court's conclusion. *Pruitt*, 458 F.3d at 483 (internal quotations marks and emphasis omitted).

**III. The District Court Properly Sustained an Objection during the Suppression Hearing**

"[T]rial judges retain 'wide latitude' to impose 'reasonable limits on cross-examination.'" *United States v. Holden*, 557 F.3d 698, 704 (6th Cir. 2009) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)). A district court's decision to exclude evidence is reviewed for an abuse of discretion. *United States v. Lucas*, 357 F.3d 599, 608 (6th Cir. 2004). Stanley argues that the district court improperly limited his right to cross-examine Officer Dancy during the suppression hearing, denying his right to confront Officer Dancy and thereby excluding otherwise admissible evidence.

By the time the district court sustained the "asked and answered" objection, however, the issue of whether Officer Dancy had asked Stanley anything before he admitted ownership of the drugs and the gun had been thoroughly addressed. The district court did not improperly apply the law or abuse its discretion by reasonably limiting Officer Dancy's cross-examination. *Holden*, 557 F.3d at 704. Stanley was therefore not denied his right to confront Officer Dancy at the suppression hearing.

## IV. Conclusion

For the reasons stated, we affirm the judgment and the sentence of the district court.