## S10A1280. BROWN v. THE STATE.
(703 SE2d 624)

BENHAM, Justice.

Appellant Bobby Leroy Brown was convicted of the malice murder of his wife, Roberta Brown, and two counts of tampering with evidence.[1] On appeal, he challenges the sufficiency of the evidence presented against him, the denial of his motion to suppress

---

[1] The victim died on October 15, 2007, and appellant was placed in police custody the same day. The Athens-Clarke County grand jury returned a true bill of indictment on November 12, 2008, charging appellant with the malice murder, felony murder (aggravated assault), aggravated assault, kidnapping with bodily injury and false imprisonment of the victim, and two counts of tampering with evidence. Appellant's trial took place January 5-8, 2009. The trial court directed verdicts of acquittal on the kidnapping and false imprisonment charges, and the jury found appellant guilty of malice murder, felony murder, aggravated assault, and the two counts of tampering with evidence. Appellant was sentenced to life imprisonment for the malice murder conviction and to two consecutive ten-year sentences for the two tampering convictions. The felony murder conviction was vacated by operation of law, and the aggravated assault conviction merged with the malice murder conviction. Appellant's motion for new trial was filed on January 15, 2009, and was the subject of a hearing held on February 25, 2010. The order denying the motion was filed on March 5, 2010, and a notice of appeal was filed March 4, 2010. The appeal was docketed to the April 2010 term of this Court.

evidence removed from his sister's home, and the admission into evidence of a temporary protective order issued against appellant as well as an affidavit executed by the victim in support of her application for the protective order.

1. The State presented evidence that the victim was killed in the early morning hours of October 15, 2007, outside her Athens-Clarke County residence and near a vehicle registered in her name. She died as a result of craniocerebral trauma caused by blunt force inflicted by an object striking her at least fifteen times. A tree branch with blood on it that matched the victim's DNA profile was found near the victim's body. A neighbor who heard what she believed to be a beating saw a man wearing jeans and a light-colored t-shirt wipe the passenger side of the victim's vehicle and carry two filled garbage bags from the vehicle. A police canine followed a trail from the garbage bags, which were left in the area, to the back porch of the nearby home of appellant's sister, and police officers followed shoe impressions made in the dewy grass from the victim's body to a spot near the sister's home. Appellant's sister told inquiring officers that appellant was taking a shower in her home. She permitted police to enter her home, and they placed appellant in custody. In a search of the home conducted after verbal and written consent was given by appellant's sister, police seized a pair of red-stained tennis shoes from the bathroom where appellant had showered and, from a washing machine that smelled of bleach, a wet t-shirt, a wet pair of jeans, and a wet medical card and an identification card, both bearing appellant's name. The clothing matched the description given by the neighbor who saw a man wiping the victim's car, and the bloodstains on one of the tennis shoes matched the DNA profile of the victim. There was evidence of prior police responses to emergency calls complaining of domestic disputes between appellant and the victim, with the police repeatedly unable to determine who was the primary aggressor in these incidents.

The evidence was sufficient to authorize a rational trier of fact to convict appellant of malice murder and two counts of tampering with evidence (by wiping the passenger side of the victim's vehicle with a towel so as to alter or destroy physical evidence, and by bleaching and washing his clothing to destroy, alter, and conceal physical evidence). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). However, because appellant tampered with evidence in his own case and not to prevent the apprehension or prosecution of anyone other than himself, he was guilty of misdemeanor tampering and therefore could not receive the consecutive ten-year sentence imposed by the trial court. OCGA § 16-10-94 (c); *White v. State*, 287 Ga. 713 (699 SE2d 291) (2010); *English v. State*, 282 Ga. App. 552 (2) (639 SE2d 551) (2006). Accordingly, the sentences imposed for the

tampering convictions are vacated and the case remanded for re-sentencing on those convictions. *White v. State*, supra, at 718 (1) (d).

2. Appellant filed a pretrial motion to suppress in which he contended that the search of his sister's home and the seizure of his shoes from the bathroom in which he was found showering and the seizure of his clothing and identification cards from his sister's washing machine were unlawful because they were not done pursuant to a search warrant or any valid exception to the warrant requirement. The State argued that appellant could not invoke the protection of the Fourth Amendment to contest the search of his sister's home because he had no legitimate expectation of privacy in the premises and, even if he had a legitimate expectation of privacy, the search was lawful because it was conducted after obtaining the consent of the householder, exigent circumstances were present, and officers were "in hot pursuit." The trial court conducted a hearing and denied the motion after finding the procurement of a valid consent to search from appellant's sister and the existence of exigent circumstances, i.e., the destruction of evidence taking place.[2]

Under the circumstances of this case, we agree with the trial court's determination that the warrantless search was authorized by the householder's valid consent. Valid, i.e., voluntary, consent obviates the need for a search warrant (*State v. McBride*, 261 Ga. 60 (1) (401 SE2d 484) (1991)), and the State bears the burden of showing that consent was voluntarily given and was not the result of duress or coercion. *Gray v. State*, 296 Ga. App. 878 (5) (b) (676 SE2d 36) (2009). See also *Crowe v. State*, 265 Ga. 582 (6) (458 SE2d 799) (1995). At the hearing, the State presented a police officer's audiotape of the householder giving verbal consent and the written consent executed by the householder to search the premises and remove items of property or evidence of a crime. The officer who obtained the consent testified that the householder was not coerced, threatened, or placed under duress in order to obtain her consent.[3]

---

[2] While appellant maintains the trial court ruled the search was permissible as incident to an arrest or due to exigent circumstances, the trial court's oral ruling at the close of the suppression hearing, the rationale of which was expressly incorporated into the written ruling, reflects that the trial court found the existence of exigent circumstances and the consent of the householder. It was only in a discussion on the seizure of appellant's clothing from his sister's washing machine that the trial court mentioned its belief that had the clothing been worn by a suspect at the time of arrest, it could be seized incident to the arrest of the suspect.

[3] Even if appellant could be deemed to have been a joint tenant or co-occupant of his sister's home, in the absence of evidence that appellant expressly objected to the search or that police removed him from the house for the sake of avoiding his possible objection (*Georgia v. Randolph*, 547 U. S. 103, 121-122 (126 SC 1515, 164 LE2d 208) (2006)), the consent given by appellant's sister satisfied the consent exception to the Fourth Amendment's prohibition against warrantless searches and seizures. *State v. Ransom*, 289 Kan. 373, 386 (212 P3d 203) (2009); *United States v. Henderson*, 536 F3d 776 (II) (B) (7th Cir. 2008). But see *United States*

The State having carried its burden of showing voluntary consent, the trial court did not err when it determined that the warrantless search was conducted pursuant to valid consent of the householder.

Citing *State v. McCarthy*, 288 Ga. App. 426 (2) (654 SE2d 239) (2007), appellant contends that the valid consent to search given by his sister did not authorize the seizure of his clothing from the household's washing machine and his shoes from atop the toilet tank in the bathroom. *McCarthy* and similar cases hold that a person with authority to consent to a search of premises does not have authority to give a valid consent to open and search a closed bag, purse, backpack, suitcase, trunk, etc., that is known to belong to another. Appellant's items of clothing were not found in a closed container known to belong to appellant; rather, the shoes were found in plain view in the bathroom and the clothing and appellant's identity cards were found in the household's washing machine, which was covered by the householder's valid consent to search. See *State v. Real*, 201 P3d 2 (Kan. App. 2009) (unpublished opinion); *People v. DiNapoli*, 28 A.D.3d 1013 (813 NYS2d 280) (NYAD 2006). It was not necessary to obtain appellant's consent to seize his property, as mere ownership of the items seized in a search for which valid third-party consent to search was obtained is not an overriding factor. "The premise that property interests control the right of the Government to search and seize has been discredited" and "the principal object of the Fourth Amendment is the protection of privacy rather than property. . . ." *Warden v. Hayden*, 387 U. S. 294, 304, 309-310 (87 SC 1642, 18 LE2d 782) (1967). See also *Brogdon v. State*, 287 Ga. 528, 532, n. 7 (697 SE2d 211) (2010). The trial court did not err when it denied the motion to suppress.

3. Appellant next takes issue with the trial court's admission of a verified petition executed by the victim when she sought a temporary protective order from the Superior Court of Clarke County eleven days before her death. After the trial court instructed the jury the verified petition was being admitted into evidence "for the limited purpose of simply showing what she said to the Court [and] not making any finding that what she said was true . . . ," the assistant district attorney read to the jury the portion of the petition in which the victim wrote a description of an act of family violence purportedly committed by appellant against the victim and/or minor children:

He is very abused and violent to me and the kids. He is threatening me to hurt me for the last two months or so. We

---

*v. Murphy*, 516 F3d 1117 (9th Cir. 2008).

still fight, fussing. On October 3, 2007, he came to [a park] football field and stole my jeep and like to hit around 15 children. [He] always want to fuss, fight around the kids.

Appellant objected on the ground that the victim's sworn statement was testimonial in nature and appellant had not had the opportunity to cross-examine her with regard to its contents. See *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004). The trial court ruled the petition for a temporary protective order was non-testimonial because it was an emergency request for the court to act and therefore similar to a call to 911 for emergency help.

We disagree with the trial court's rationale.

Statements are nontestimonial when made . . . under circumstances objectively indicating that the primary purpose . . . is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose . . . is to establish or prove past events potentially relevant to later criminal prosecution.

*Davis v. Washington*, 547 U. S. 813, 822 (126 SC 2266, 165 LE2d 224) (2006). The victim's sworn statement did not report events as they were actually happening and therefore differs from a call to 911 for emergency assistance. See id., 547 U. S. at 827. The victim's "narrative of past events was delivered at some remove in time from the danger she described" and was not providing "information enabling officers immediately to end a threatening situation. . . ." Id. at 832. Inasmuch as the victim's sworn statement was testimonial in nature, it was error to admit it over appellant's objection that it violated his Sixth Amendment right to confrontation. *Wright v. State*, 285 Ga. 57 (3) (a) (673 SE2d 249) (2009).

While the error is one of constitutional magnitude, it can be harmless error if the State can prove beyond a reasonable doubt that the error did not contribute to the verdict, such as when the evidence at issue is cumulative of other properly-admitted evidence or when the evidence against the defendant is overwhelming. *Willingham v. State*, 279 Ga. 886 (1) (622 SE2d 343) (2005). The admission of the hearsay in the case before us is harmless error because the hearsay was cumulative of other evidence, namely the testimony of eight officers that they had responded to several emergency calls for assistance concerning domestic violence at the home of appellant and the victim. See *Copprue v. State*, 279 Ga. 771 (4) (621 SE2d 457) (2005); *Moody v. State*, 277 Ga. 676 (4) (594 SE2d 350) (2004).

4. Lastly, appellant complains the trial court erred when it admitted into evidence the temporary protective order issued eleven days before the victim was killed. Appellant did not object to the fact that the protective order was in place at the time the victim was killed, but requested the redaction of language in the order wherein the issuing court stated it appeared "that probable cause exists that family violence has occurred in the past and may occur in the future. . . ." Any error in the failure to redact the language is harmless since it is cumulative of the testimony of numerous officers that domestic violence had occurred repeatedly in the Brown household.

*Judgment affirmed and case remanded for resentencing. All the Justices concur.*

DECIDED NOVEMBER 8, 2010 —
RECONSIDERATION DENIED DECEMBER 15, 2010.

*John W. Donnelly,* for appellant.

*Kenneth W. Mauldin, District Attorney, Brian V. Patterson, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Christopher R. Johnson, Assistant Attorney General,* for appellee.