S12A0638. ROCKHOLT v. THE STATE.
(727 SE2d 492)

CARLEY, Presiding Justice.

After a jury trial, Appellant Lance Coleman Rockholt was found guilty of malice murder and possession of a firearm during the commission of a felony. The trial court entered judgments of conviction and sentenced Appellant to life imprisonment for malice murder

and a consecutive term of five years for the weapons charge. Appellant appeals after the denial of a motion for new trial.[*]

1. Construed most strongly in support of the verdicts, the evidence shows that on October 28, 2005, Mark Anthony Pickett attended a school festival with his six-year-old son Kenneth and his 13-year-old daughter Sydney. As Pickett was driving home from the festival with his children in his pickup truck, he nearly collided with another car. Subsequently, this car began to tailgate the truck, flash its lights, and honk its horn. Pickett stopped his truck in the roadway and, leaving his kids in his truck, approached the car behind him to confront the driver. He was then shot three times and fell to the roadway. The car pulled around the Pickett truck and fled the scene. A witness heard an angry male voice inside the car shouting. Another vehicle drove by in the opposite direction and ran over Pickett's body where it lay in the roadway. Pickett died from a gunshot wound to the heart.

On November 8, 2005, the Walker County Sheriff's office received information that the killer was named Lance and that he could be found at a residence in Tennessee. Two Walker County detectives traveled to the residence, knocked on the door, and asked for Lance when the front door was opened. The owner of the residence answered the door and pointed to Appellant, who was sitting on a sofa in view of the front door. After the detective called for local law enforcement assistance, a search was conducted, and a .22 caliber Beretta handgun was found underneath the sofa cushion where Appellant had been seated. Later analysis of the handgun revealed that it was the one used to kill Pickett. Appellant's girlfriend, Leah Hird, was also present at the Tennessee residence, and she informed the officers that she was in the car with Appellant and witnessed him shoot Pickett. After being advised of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), Appellant admitted that he shot Pickett. Several of Appellant's friends stated that he casually and laughingly mentioned that he had shot Pickett in front of his children.

Appellant contends that the evidence against him was merely circumstantial and thus the State was required to show that the proved facts excluded " 'every other reasonable hypothesis save that

---

[*] The crimes occurred on October 28, 2005, and the grand jury returned the indictment on December 6, 2005. The jury found Appellant guilty on June 15, 2006, and on June 16, 2006, the trial court entered the judgments of conviction and sentences. The motion for new trial was prematurely filed on June 15, 2006, amended on May 17, 2011, and denied on June 29, 2011. Appellant filed the notice of appeal on June 29, 2011. The case was docketed in this Court for the January 2012 term and submitted for decision on the briefs.

of [his] guilt. . . .' [Cit.]" *Kier v. State*, 292 Ga. App. 208, 210 (1) (663 SE2d 832) (2008). According to Appellant, the proved facts were consistent with his theory that Ms. Hird shot the victim from the passenger side of the car, and therefore the trial court erred in failing to direct verdicts of acquittal.

However, the State's case rested on direct as well as circumstantial evidence. "Direct evidence is that which is consistent with either the proposed conclusion or its opposite; circumstantial evidence is that which is consistent with both the proposed conclusion and its opposite. [Cit.]" (Emphasis omitted.) *Stubbs v. State*, 265 Ga. 883, 885 (2) (463 SE2d 686) (1995). In the present case, the direct evidence, or the evidence that is consistent with only the guilt of Appellant, included testimony by an eyewitness that Appellant was the shooter, testimony by one of Appellant's friends that Appellant confessed that he had "done something bad" on the night of the shooting, testimony by another witness who overheard Appellant discussing the shooting and laughing at the fact that he killed the victim in front of his children, and the confession of Appellant to police officers that he shot the victim. Therefore, the trial court did not err in failing to direct verdicts of acquittal. Moreover, "a confession, freely and voluntarily made, is evidence of the highest character, and any corroboration thereof will be sufficient to sustain a conviction. [Cit.]" *Carswell v. State*, 268 Ga. 531, 532 (1) (491 SE2d 343) (1997). The evidence corroborating Appellant's confession includes not only the incriminating testimony cited above but also that the gun used in the shooting was found underneath a sofa cushion on which Appellant had been sitting. Therefore, the evidence was sufficient to authorize a rational trier of fact to find Appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant also contends that the trial court erred in failing to grant a motion to suppress the .22 caliber pistol. He claims that the police officers violated his Fourth Amendment rights against illegal search and seizure when they searched the Tennessee residence and thus any fruits of that unlawful search should have been suppressed. Although Appellant filed a timely motion to suppress, it did not specify what evidence Appellant sought to suppress. At the hearing pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), Appellant clarified the legal bases on which the motion was made and specified that he seeks to suppress the statements he made to police on the day that he was found at the Tennessee residence. The parties did not discuss suppression of the pistol, and, at the conclusion of the hearing, the trial court made separate rulings

regarding each challenged statement and held them all to be admissible. The trial court did not make a ruling regarding suppression of the pistol, and Appellant never requested such a ruling. Furthermore, when the pistol was tendered into evidence at trial, Appellant expressly stated that he had no objections. "In the absence of a ruling on [the suppression of the pistol] and of an objection when the evidence was offered at trial, [A]ppellant waived his right to contest the admissibility of the evidence on appeal. [Cits.]" *Castillo v. State*, 281 Ga. 579, 581 (2) (642 SE2d 8) (2007).

Even if this issue had been preserved, the search was properly conducted because the police obtained the consent of the homeowner. Although Appellant may have had a reasonable expectation of privacy due to the fact that he was an overnight visitor at the residence, he was physically present but failed to express any refusal of consent or any objection to a police search. Therefore, the owner's "consent to the search gave the officers legal authority to search the [residence]. [Cit.]" *United States v. Stanley*, 351 Fed. Appx. 69, *72 (II) (A) (6th Cir. 2009). See also *United States v. Hilliard*, 490 F3d 635, 639 (II) (A) (8th Cir. 2007); *Brown v. State*, 288 Ga. 404, 406 (2), fn. 3 (703 SE2d 624) (2010); *Burke v. State*, 302 Ga. App. 469, 471 (691 SE2d 314) (2010). Compare *Georgia v. Randolph*, 547 U. S. 103 (126 SC 1515, 164 LE2d 208) (2006).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 7, 2012.

*Steven A. Miller*, for appellant.

*Herbert E. Franklin, District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, David A. Zisook, Assistant Attorney General*, for appellee.