**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 2, 2013**

# In the Court of Appeals of Georgia

A13A0300. JUHAN v. STATE.                                    DO-012 C

DOYLE, Presiding Judge.

Following a bench trial, Derrick James Juhan was convicted of felony escape.[1] He appeals the denial of his motion for new trial, arguing that the evidence was insufficient to support the crime as alleged in the indictment. For the reasons that follow, we affirm.

Construed in favor of the verdict,[2] the record shows that in January 2004, Juhan was convicted of financial transaction card theft and of entering an automobile with intent to commit theft, and he was sentenced to serve seven years on probation. In October 2007, he was sentenced to a work release program for a period of 18 months

---

[1] OCGA § 16-10-52 (a) (1).

[2] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

for violating his probation by committing the new offenses of felony theft by taking, entering an automobile, and simple battery. In December 2007, Juhan was convicted of the theft by taking charge and sentenced to a total of five years, with six months to be served in a prison work camp and the remainder on probation, provided that he followed the terms and conditions of his probation, including not "violat[ing] the criminal laws of any governmental unit." While he served his sentence on work release, Juhan was also under sentence for two separate convictions.

On September 18, 2008, Juhan left the work release program and failed to return. On June 10, 2009, he was indicted for felony escape, and he was subsequently arrested and taken into custody on November 11, 2011. At the conclusion of the March 12, 2012 bench trial, the trial court orally announced that it found Juhan guilty of felony escape and pronounced sentence. On March 15, 2012, Juhan filed a motion

for new trial, and the judgment was entered the following day, March 16, 2012.[3] The trial court denied Juhan's motion for new trial, and this appeal followed.

On appeal, Juhan concedes that he left the work release program in September 2008 and did not return, but he argues that his conviction should be reversed because the State failed to prove that he was serving a lawful sentence for theft by taking at the time of his escape as alleged in the indictment. This argument is without merit.

The indictment alleged that on September 19, 2008, Juhan "did then and there unlawfully after having been convicted of Theft by Taking, a felony, intentionally escape from the lawful custody of Gwinnett County Comprehensive Correctional Complex, contrary to the laws of said State, the peace, good order, and dignity thereof." At trial, the inmate active records supervisor for the Gwinnett County

---

[3] In a recent civil case, the Supreme Court of Georgia held that "a motion for new trial that is filed prior to the entry of the judgment on the verdict is premature and invalid, and no amendment can be filed to such a void motion." *Tremble v. Tremble*, 288 Ga. 666, 668 (1) (706 SE2d 453) (2011) (punctuation omitted). The Supreme Court did not, however, apply this rule to a subsequent criminal case, instead reviewing the merits of the defendant's appeal of the denial of the motion for new trial prematurely filed the day before the entry of judgment. See *Rockholt v. State*, 291 Ga. 85, 86, n. * (727 SE2d 492) (2012). Therefore, in line with *Rockholt*, we conclude that Juhan's motion for new trial ripened upon the entry of his judgment of conviction. See, e.g., *McClanahan*, 196 Ga. App. 737 (1) (397 SE2d 24) (1990), overruled on other grounds by *Wilson v. State*, 277 Ga. 195, 199 (586 SE2d 669) (2003).

Sheriff's Department testified that Juhan completed his sentence for his 2007 conviction for theft by taking on March 20, 2008, and when Juhan escaped the work release program on September 18, 2008, he was serving a different sentence for a 2003 conviction and a 2008 conviction.

OCGA § 16-10-52 (a) (1) provides: "A person commits the offense of escape when he . . . , having been convicted of a felony or misdemeanor or of the violation of a municipal ordinance, intentionally escapes from lawful custody or from any place of lawful confinement." "The lawful confinement of the [accused] at the time of his escape was a necessary element of that offense."[4] As we have previously explained, "[t]he gravamen of the offense [of escape], under the common law and under our statute as we construe it, is the intentional departure from lawful confinement or custody."[5] The only purpose of the allegation in the indictment that Juhan was in custody for theft by taking "was to show lawful confinement, which was both alleged and proved without regard to the . . . allegation," which was "merely surplusage."[6]

---

[4] (Punctuation omitted.) *Zant v. Owens*, 244 Ga. 494 (260 SE2d 886) (1979), quoting *Dixon v. State*, 234 Ga. 157 (1) (215 SE2d 5) (1975).

[5] *Fears v. State*, 138 Ga. App. 885, 886 (1) (227 SE2d 785) (1976).

[6] *Zant*, 244 Ga. at 494-495.

4

Accordingly, there was no fatal variance between the indictment and the proof at trial, and the trial court did not err by denying Johan's motion for new trial.[7]

*Judgment affirmed. McFadden and Boggs, JJ., concur.*

---

[7] See id.