**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 25, 2019**

# In the Court of Appeals of Georgia

A19A1180. JHA v. MENKEE.

COOMER, Judge.

Praveen Jha appeals from a trial court order denying his motion to vacate a family violence 12-month protective order entered against him and in favor of Summer Menkee, his wife. On appeal, Jha contends, among other things, that the hearing procedure did not afford him due process because he was not allowed to cross-examine Menkee. We agree and reverse.

On August 7, 2018, Menkee filed a petition for a temporary protective order against Jha. The DeKalb County Superior Court issued a family violence ex parte protective order on August 7, 2018, and held a hearing on Menkee's petition on October 17, 2018. After the hearing, the trial court issued a family violence 12-month protective order, which was dated October 17, 2018.

On October 25, 2018, Jha filed a motion to vacate the family violence 12-month protective order, which the trial court denied. Jha filed an application seeking discretionary review of the trial court order denying his motion to vacate, which we granted. This appeal followed.

1. Jha contends that the hearing procedure for the family violence 12-month protective order did not afford him due process because he was not allowed to cross-examine Menkee. We agree.

Pursuant to OCGA § 19-13-3 (a), a person may seek a family violence protective order by filing a petition asserting an act of family violence. "Upon the filing of a verified petition in which the petitioner alleges with specific facts that probable cause exists to establish that family violence has occurred in the past and may occur in the future, the court may order such temporary relief ex parte as it deems necessary to protect the petitioner[.]" OCGA § 19-13-3 (b). Thereafter, a hearing shall be held, at which "the petitioner must prove the allegations of the petition by a preponderance of the evidence as in other civil cases." OCGA § 19-13-3 (c). A trial court enjoys discretion in granting or denying a protective order, and we will not

2

interfere with the court's ruling absent an abuse of that discretion. *Quinby v. Rausch*, 300 Ga. App. 424, 424 (685 SE2d 395) (2009).

The trial court indicated in its order denying Jha's motion to vacate the protective order that Jha, who proceeded pro se,

> was not allowed to "cross examine" or engage in a "thorough and sifting cross-examination of [Menkee]" or otherwise question [Menkee], who was represented by counsel, in violation of OCGA § 15-19-51 that prohibits an unauthorized practice of law.[1]

The court further noted that it refused to "subject [Menkee] to further intimidation and harassment through 'cross-examination' or 'thorough [and] sifting cross-examination'" because it had a responsibility to safeguard individuals and the judicial process "from further re-victimization, harm, abuse, harassment and menacing attack." However, the Georgia Supreme Court has held that a victim's sworn statement in support of a temporary protective order is testimonial in nature, providing the party against whom the protective order is sought the Sixth Amendment right to confrontation. *Brown v. State*, 288 Ga. 404, 408 (3) (703 SE2d 624) (2010).

---

[1] The record on appeal does not contain a transcript of the October 17, 2018 hearing. However, under the unusual circumstances of this case, a transcript is not necessary for us to review the issue of whether Jha was denied his due process rights because the trial court's order denying Jha's motion to vacate states that Jha was not allowed to cross-examine Menkee.

It is well-established that the right of a thorough and sifting cross-examination belongs to every party as to the witnesses called against him. See OCGA § 24-6-611 (b); *Farley v. State*, 314 Ga. App. 660, 665 (3) (725 SE2d 794) (2012). Although cross-examination may be limited by the trial court to relevant matters by proper questioning,[2] the trial court in this case refused Jha any right of cross-examination because, according to the trial court, Jha's cross-examination would have been an "unauthorized practice of law" and re-victimized Menkee. The trial court's reliance on OCGA § 15-19-51 to support its finding that Jha's cross-examination would constitute an unauthorized practice of law is misplaced. OCGA § 15-19-51 only prohibits an individual from practicing or appearing to practice as an attorney at law "for any person other than himself in any court of this state or before any judicial body[.]" It does not prohibit an individual proceeding pro se from representing himself and employing his right to a thorough and sifting cross-examination of a witness called against him.

For the foregoing reasons, we find that the trial court's refusal to allow Jha to cross-examine Menkee was an abuse of discretion. Consequently, we reverse the trial

---

[2] See OCGA § 24-6-611 (a).

court's order denying Jha's motion[3] and remand with instructions for the trial court to hold a new hearing on Menkee's petition.

2. In light of our holding in Division 1, we need not reach Jha's remaining enumerations.

*Judgment reversed and case remanded for new hearing. Doyle, P. J., and Markle, J., concur.*

---

[3] On appeal, Menkee asserts that Jha's arguments do not support a motion to set aside under OCGA § 9-11-60 (d). In his motion, Jha does not cite OCGA § 9-11-60 or raise any OCGA § 9-11-60 arguments. Rather, he argues that the trial court should vacate the protective order because the trial procedure denied him due process and Menkee failed to meet her burden of proof. "[S]ubstance, rather than nomenclature, governs pleadings[.]" *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 590 (690 SE2d 397) (2010) (citations omitted). Looking to the substance of Jha's motion, it is essentially a motion for new trial, filed approximately a week after the court entered the 12-month protective order, which the trial court denied, and from which Jha filed a timely appeal.