# Court of Appeals
# of the State of Georgia

ATLANTA,  November 22, 2021

*The Court of Appeals hereby passes the following order:*

**A22I0074.  IN THE INTEREST OF J. K., A CHILD (FATHER).**

In this dependency proceeding, following a hearing, the juvenile court denied the father's motion to dismiss in an order entered on October 21, 2021. Thereafter, in an order entered on October 27, 2021, the court found the child to be dependent and awarded temporary legal custody to the Division of Family and Children Services. On October 28, the father filed this timely application for interlocutory appeal, seeking to appeal both the juvenile court's order denying his motion to dismiss and the order finding the child to be dependent.[1]

The juvenile court's order finding the child to be dependent is directly appealable. See *In the Interest of A. T.*, 309 Ga. App. 822, 824, n. 3 (711 SE2d 382) (2011) ("An order within a [dependency] proceeding deciding temporary custody of the child is a 'final order,' within the meaning of OCGA § 5-6-34 (a) (1), from which a direct appeal lies."); accord *In the Interest of S. J.*, 270 Ga. App. 598, 608 (1) (a) (607 SE2d 225) (2004). Moreover, the father may raise the denial of his motion to

---

[1] In order for an application for interlocutory review to be timely, the party must obtain a certificate of immediate review from the trial court within ten days of the court's order and then file their application in this Court within ten days of the certificate. See OCGA § 5-6-34 (b). In this case, the father obtained the certificate of immediate review on October 19, before the juvenile court entered either of its orders. Although the father's certificate was premature, we nonetheless deem his October 28 application, accompanied by a certificate, to be timely to the trial court's October 27 order. Cf. *Juhan v. State*, 322 Ga. App. 620, 621, n. 3 (744 SE2d 910) (2013) (holding that premature motion for new trial in criminal case ripened upon entry of trial court's judgment of conviction).

dismiss as part of such a direct appeal. See OCGA § 5-6-34 (d).

"This Court will grant a timely application for interlocutory review if the order complained of is subject to direct appeal and the [applicant has] not otherwise filed a notice of appeal." *Spivey v. Hembree*, 268 Ga. App. 485, 486, n. 1 (602 SE2d 246) (2004). Accordingly, the father's interlocutory application is hereby GRANTED. He shall have ten days from the date of this order to file a notice of appeal in the juvenile court if he has not already done so. The clerk of the juvenile court is DIRECTED to include a copy of this order in the appeal record transmitted to this Court.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,   11/22/2021          *
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*